IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:20-CR-00077 |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| HOUSEHOLDER ET AL. | : | **AMENDED** |
| | : | **PROTECTIVE ORDER** |
| | : | **REGARDING DISCOVERY** |
| | : | |

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny, and 18 U.S.C. § 3500, the government will provide materials to the defendants in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

WHEREAS, the government represents that the Discovery Materials include sensitive information, the unrestricted dissemination of which could adversely affect law enforcement interests and the privacy interests of the defendants, third parties, and witnesses;

WHEREAS, the government has a compelling interest in preventing some of the aforementioned Discovery Materials from being disclosed to anyone who is not a party to the court proceedings in this matter, as such material may include information relevant to ongoing investigations and prosecutions, and such materials may implicate the privacy interests of the defendants, third parties, and witnesses;

WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into three categories: (1) Tier 1 Discovery Materials, (2) Tier 2 Discovery Materials, and (3) Tier 3 Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

2. Tier 1 Discovery Materials are defined as materials that were largely obtained through publicly available sources.

3. Tier 2 Discovery Materials are defined as materials that are neither Tier 1 Discovery Materials nor otherwise designated as falling into the category of Tier 3 Discovery Materials, which are sensitive, as described below.

4. Tier 3 Discovery Materials are defined as sensitive materials or information that involve, refer, or relate to sensitive investigatory techniques or information the disclosure of which would reveal the sensitive investigative methods used by law enforcement in complex corruption investigations and/or identify or reveal information about other individuals, investigations, or witnesses.

5. "Tier 3 Attorneys' Eyes Only Discovery Materials" is a subset of "Tier 3 Discovery Materials," and consists of information obtained from electronic devices in the government's possession, which has been filtered for potentially privileged material, but may contain other sensitive information, such as personal or financial information. (The government will later produce "hot documents" from these devices, which will be marked as Tier 3 Discovery Material without the "Attorney's Eyes Only" designation.)

6. The government shall mark each page of each document and each item provided as Discovery Materials with a unique identifying prefix and number that identifies the category into which the material falls.

7. The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff); and (iii) experts, consultants, and investigators retained to assist in the preparation of the defense. The "Defense Team" does not include individuals or entities joined pursuant to a Joint Defense Agreement or other similar agreement to share defense resources and/or strategy with other Defense Teams or uncharged third parties (hereinafter, "Joint Defense Agreement").

8. "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. Disseminate also includes disclosing the identity or probable identity of a confidential witness (*e.g.*, an informant, confidential source, undercover agent) or individual or entity not charged in this case, where identifying information was derived from discovery materials.

9. Tier 1 Discovery Materials may be disseminated by the Defense Team without limitation.

10. Tier 2 Discovery Materials may be shared with members of the Defense Team. Tier 2 Discovery Materials shall not be further disseminated by any member of the Defense Team to any individuals, organizations, or other entities outside the Defense Team, except that members of the Defense Team, but not the Defendant, may show (but not provide copies of) any Tier 2 Discovery Materials to witnesses or potential witnesses during the

course of their investigation of this case. Tier 2 Discovery Materials may not be left in the possession of witnesses or potential witnesses.

11. Tier 3 Discovery Materials may be shared with members of the Defense Team. Tier 3 Discovery Materials shall not be further disseminated by any member of the Defense Team to any individuals, organizations, or other entities. This includes, but is not limited to, a prohibition against dissemination of any Tier 3 Discovery Materials to witnesses or potential witnesses, and a prohibition against dissemination of any Tier 3 Discovery Materials pursuant to any Joint Defense Agreement with individuals, organizations, or other entities outside the Defense Team.

12. Tier 3 Attorneys' Eyes Only Discovery Materials have the same restrictions as Tier 3 Discovery Materials, with the added limitation that such materials may only be viewed by counsel of record for the Defendants and counsel's staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff), and may not be shared with Defendants or other Defense Team members, due to the sensitive information such materials may contain.

13. If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government shall be given an opportunity to respond to the motion. Once the motion is filed, no further dissemination of the item(s) shall be made until after the Court rules on the motion.

14. Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and will be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery

Materials shall be disseminated to any member of the Defense Team, as defined above, expert witness retained by the Defense Team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

15. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

16. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government.

17. All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain. Discovery Materials attached to Court filings as exhibits shall be filed under seal. Motions or other filings that merely refer to, cite, or quote the Discovery Materials

need not be filed under seal, so long as the motions or other filings do not disseminate the identity or probably identity of a confidential witness or third party (as defined in paragraph 7 above).

18. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The defendant and the Defense Team may rely on the government's category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong.

19. Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

2/4/2021
DATE

Timothy S. Black
HONORABLE TIMOTHY S. BLACK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Appendix A

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned United States v. Householder, et al., Criminal No. 1:20-cr-077, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use, disclose, or disseminate any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: ________________ BY: ______________________________________

(type or print name)

SIGNED: ___________________________________