UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| MATTHEW BORGES (4), | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING THE GOVERNMENT'S MOTION
TO AMEND DEFENDANT'S CONDITIONS OF BOND**

This case is before the Court on the Government's motion to amend the conditions of Defendant's bond (Doc. 123) and Defendant's responsive brief (Doc. 124).

On August 2, 2022, the Government filed a motion, advising the Court that Defendant has created a publicly accessible website relating the instant federal case. (Doc. 123). Among the information contained on the website, Defendant has posted the name and image of a confidential source/likely Government witness ("CHS-1"). (*Id*. at 2). Additionally, Defendant included a hyperlink on his website, directing the public to a copy of the CHS-1's 2011 employment file, which file Defendant obtained from the Franklin County Auditor's Office, through a records request. (*Id*. at 2-3). The employment file contained, *inter alia*, unredacted copies of CHS-1's W-4 and I-9 tax forms, as well as photocopies of CHS-1's social security card and driver's license. (*Id*.)

In sum, Defendant caused the public dissemination of CHS-1's unredacted personal information, including: CHS-1's name, residential addresses, home and cell phone number, email address, date of birth, employment history, full social security

number, and full driver's license, as well as the name and phone number of CHS-1's father, and the name, phone number, and date of birth of CHS-1's spouse. (SEALED Doc. 123-1).

The Government's motion asserts that Defendant's decision to publicly post CHS-1's personal identifying information was an attempt to intimidate and retaliate against CHS-1. (Doc. 123 at 3) (citing Eugene Volokh, Crime–Facilitating Speech, 57 STAN. L. REV. 1095, 1146–47 (2005) (observing that speech revealing social security numbers "are likely to have virtually no noncriminal uses")). Accordingly, the Government asks the Court to modify the conditions of Defendant's bond, in order "to reduce the risk that the defendant will again attempt to intimidate CHS-1, including by taking actions that expose CHS-1 to financial harm." (*Id*. at 4).

Defendant responds to the Government's motion, first noting that the Franklin County Auditor's Office failed to redact all of CHS-1's personal identifying information before providing access to Defendant. (Doc. 124). Defendant further states that his "publication of CHS-1's personal identifying information … was inadvertent, just as it must have been inadvertent by the Auditor's Office to [provide access to] that information in the first place." (*Id*. at 1-2). Defendant asserts that his publication of the information was not intended to intimidate or harass CHS-1. (*Id*. at 2). Finally, Defendant states that he does not oppose the Government's requested amendment to his bond conditions. (*Id*.)

As an initial matter, unless Defendant received the employment file and then posted it without even bothering to glance at it, the Court finds it entirely incredible that

Defendant posted the unredacted information inadvertently. The file is over 70 pages long and **repeatedly** lists CHS-1's personal identifying information. And the information is not discreet. Indeed, page 3 of the file alone includes CHS-1's name, address, phone number, spouse's name, spouse's phone number, and CHS-1's social security number, all of which are listed **in large, bold font, at the very of top of the page**. It is virtually impossible for anyone to scroll through the file and not see that it contains unredacted personal identifiers. Moreover, given the nature of the unredacted information, any reasonable person would know the potential harm that public dissemination of this information could cause. And while the Government's motion focuses on identity theft, it bears noting that financial harm is by no means the most severe consequence that could result from publicly exposing and disparaging a confidential government source.

As the motion is unopposed, and in order to ensure the safety and privacy of all individuals and the public, the Court finds the Government's request for bond modification is well-taken. Accordingly, the motion is **GRANTED**. (Doc. 123). Specifically, as a condition of Defendant's continued release on bond, the Court adds the following:

> Defendant is **PROHIBITED** from publicly disseminating, in any manner, or causing the public dissemination, in any manner, whether directly or indirectly, of any information that does or can be used to identify, harass, intimidate or harm an actual or potential Government witness in the instant federal prosecution.[1]

---

[1] The prohibition does not apply to identification of any such witnesses in appropriate court filings, **submitted through defense counsel**, in compliance with any restrictions set forth in the federal rules and the Protective Order.

**IT IS SO ORDERED.**

Date: 8/5/2022

Timothy S. Black
United States District Judge