# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION *IN LIMINE*** |
| | ) | **TO EXCLUDE FIRSTENERGY'S** |
| LARRY HOUSEHOLDER and | ) | **DEFERRED PROSECUTION** |
| MATTHEW BORGES, | ) | **AGREEMENT** |
| | ) | |
| Defendants. | ) | |

Defendants Larry Householder and Matthew Borges move the Court for an order *in limine* excluding FirstEnergy Corp.'s deferred prosecution agreement and any testimony regarding it at trial. That FirstEnergy could afford to buy its way out of criminal prosecution is not a relevant fact at trial.

A memorandum in support of this motion is attached.

1

{01786112-1}

Dated: November 9, 2022

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881)
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant Matthew Borges*

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
       nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

2

{01786112-1}

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION *IN LIMINE*** |
| LARRY HOUSEHOLDER, | ) | **TO EXCLUDE FIRSTENERGY'S** |
| | ) | **DEFERRED PROSECUTION** |
| Defendant. | ) | **AGREEMENT** |

## I. INTRODUCTION

FirstEnergy Corp. (FirstEnergy)—a multi-billion dollar publicly traded company—paid the government and the State of Ohio $230 million. In exchange, the government agreed that it would not indict FirstEnergy or otherwise bring civil cases against FirstEnergy. As part of that agreement, FirstEnergy admitted (in a detailed, 30-page statement of facts) that it committed federal crimes—specifically that it bribed two Ohio public officials.

That FirstEnergy could afford to buy its way out of criminal prosecution is irrelevant and unfairly prejudicial. Worse, FirstEnergy's agreement with the government is testimonial under the Fifth Amendment. As a corporate entity, FirstEnergy cannot testify at trial— doing so would violate the Confrontation Clause rights of Defendants Larry Householder and Matthew Borges. The Court should not permit the government, at trial in this case, to introduce evidence of FirstEnergy's agreement with the government.

The Court should grant this motion *in limine*.

## II. BACKGROUND

A year after the government arrested and indicted Defendant Larry Householder and the other defendants here, it entered into a deferred prosecution agreement ("DPA") with

3

{01786112-1}

FirstEnergy. *See* DPA, *United States v. FirstEnergy Corp.*, No. 1:21-cr-86 (S.D. Ohio July 22, 2021), ECF No. 3. Under that agreement, FirstEnergy admitted that it committed honest services wire fraud, and it stipulated to the accuracy of a 30-page statement of facts appended to the DPA. In that statement of facts, FirstEnergy admitted that it "conspired with public officials and other individuals and entities to pay millions of dollars to and for the benefit of public officials in exchange for specific official action for FirstEnergy Corp.'s benefit." (DPA at 17). It also specifically admitted that it "paid millions of dollars to [Householder[1]] through his 501(c)(4), Generation Now, in return for [Householder] pursuing nuclear legislation for FirstEnergy Corp.'s benefit in his capacity as a public official." (*Id.*)

Although FirstEnergy admitted to engaging in criminal conduct, the government agreed that it would not prosecute FirstEnergy if FirstEnergy: (1) pays $230 million to the government and the State of Ohio, (2) continues to cooperate with the government, and (3) adopts various "remedial measures." (DPA at 9).

### III. LEGAL STANDARD

Although the Federal Rules of Evidence do not "explicitly authorize a court to rule on an evidentiary motion in limine," *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016), the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials," *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is a pre-trial mechanism by which the Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. *See id.* "It is 'designed to narrow the evidentiary issues

---

[1] The DPA uses the pseudonym "Public Official A," who the DPA identifies as the Ohio House representative from the 72nd District and the Speaker of the Ohio House from January 2019 to July 2020. Householder was the representative from the 72nd District and the Speaker of the Ohio House from January 2019 to July 2020.

4

for trial and to eliminate unnecessary trial interruptions.'" *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)).

"Ultimately, the determination whether to grant or deny a motion *in limine* is within the sound discretion of the trial court." *Advance Wire Forming, Inc. v. Stein*, __ F. Supp. 3d __, No. 1:18cv723, 2022 U.S. Dist. LEXIS 88055, at *12 (N.D. Ohio May 16, 2022).

IV. **ARGUMENT**

    A. **The DPA is irrelevant.**

Only relevant evidence is admissible at trial. Evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) FirstEnergy's ability to buy its way out of criminal prosecution (by paying $230 million[2] to the federal government and the State of Ohio) does not make it more likely that the defendants here engaged in criminal conduct.

And while FirstEnergy admitted to engaging in honest services wire fraud by bribing Householder (*see* DPA at 17), that is not a relevant fact at trial either. After all, an alleged co-conspirator's admission of guilt is generally *in*admissible. *See, e.g.*, *United States v. Sanders*, 95 F.3d 449, 454 (6th Cir. 1996) ("Generally, the guilty plea or conviction of a co-defendant or co-conspirator is not admissible at trial, and such guilty pleas and convictions are never admissible as substantive evidence of the defendant's guilt."). To be sure, the government may elicit

---

[2] Nearly four times what FirstEnergy and FirstEnergy Solutions Corp. (now Energy Harbor) allegedly paid to Generation Now.

5

{01786112-1}

testimony regarding the plea agreement[3] during direct examination of a testifying witness "to deflect defendant's use of a plea agreement to attack the *witness'* credibility," *United States v. Tocco*, 200 F.3d 401, 416-17 (6th Cir. 2000) (emphasis omitted and added), and "*to anticipate cross-examination by the defendant* which might give the jury the unjustified impression that the Government was concealing" the plea agreement, *United States v. Townsend*, 796 F.2d 158, 162 (6th Cir. 1986) (emphasis added). In other words, "[w]ith knowledge that the defense cross examination has not forsworn attacking the witness's credibility with the plea agreement, prosecutors can logically initiate questions on the plea agreement in an effort to appear candid with the jury." *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *13 (N.D. Ohio Feb. 20, 2020) (holding that the court erred in permitting the government to elicit testimony about the co-conspirators' guilty pleas); *see also United States v. Nosal*, No. CR-08-0237 EMC, 2013 U.S. Dist. LEXIS 202910, at *27 (N.D. Cal. Mar. 29, 2013) (granting motion in limine to exclude co-defendant's plea agreement).

This means the plea or cooperation agreement is only admissible if the *cooperating witness* testifies at trial and the defendant intends to use the agreement to try and impeach the witness's credibility. FirstEnergy, of course, cannot and will not testify at trial. It's a corporate entity that cannot appear at trial to be examined or cross-examined. *Cf. Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010) ("a corporate representative may not testify [at trial] to matters outside his own personal knowledge"); *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 U.S. Dist. LEXIS 125093, at *15 (W.D. Ky. Aug. 8, 2017) (same). Thus, the general rule governing cooperation agreements applies: the DPA

---

[3] A deferred prosecution agreement "is similar in nature to a guilty plea entered by a co-defendant." *United States v. Farha*, No. 8:11-CR-115-T-30MAP, 2012 U.S. Dist. LEXIS 178185, at *3 (M.D. Fla. Dec. 17, 2012).

{01786112-1}

"is similar in nature to a guilty plea entered by a co-defendant and is inadmissible." *United States v. Farha*, No. 8:11-CR-115-T-30MAP, 2012 U.S. Dist. LEXIS 178185, at *3 (M.D. Fla. Dec. 17, 2012); *accord United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *13 (N.D. Ohio Feb. 20, 2020) (holding that the court erred in permitting the government to elicit testimony about the co-conspirators' guilty pleas).

      **B.**      **It would be unfairly prejudicial to admit the DPA.**

Even if the DPA were relevant, its admission should be barred under Rule 403. Under that rule, a court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Sixth Circuit defines unfair prejudice as evidence that has an "undue tendency to suggest a decision based on improper considerations." *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (quotations omitted). The prejudice here is obvious: "There is a spillover risk of inferring Defendant's guilt simply from the pleas." *United States v. Nosal*, No. CR-08-0237 EMC, 2013 U.S. Dist. LEXIS 202910, at *27 (N.D. Cal. Mar. 29, 2013) (granting motion in limine to exclude guilty pleas); *accord United States v. Torres-Colón*, 790 F.3d 26, 30 (1st Cir. 2015) ("A defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a codefendant or government witness has been convicted of the same charge.") (cleaned up). As the Sixth Circuit has recognized, "a guilty plea entered by a codefendant can be especially prejudicial if the plea is made in connection with a conspiracy to which the remaining defendants are charged." *United States v. Thornton*, 609 F.3d 373, 378 (6th Cir. 2010) (cleaned up).

{01786112-1}

If the Court allows the government to introduce FirstEnergy's DPA, which contains a detailed 30-page statement of facts, the jury may be inclined to base its verdict on FirstEnergy's admissions—not on Householder's actions. Thus, the DPA would lure the jury into determining guilt on grounds separate from proper evidence specific to the offenses charged. The danger of unfair prejudice would substantially outweigh any probative value. Accordingly, evidence and argument relating to the DPA should be precluded.

C. **Admission of the DPA is barred by the Confrontation Clause.**

The Sixth Amendment's Confrontation Clause bars testimonial evidence where the witness is unavailable and the defendant did not have a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The contents of the DPA are testimonial statements by FirstEnergy. *See United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008) (holding district court plainly erred in admitting plea allocutions from eight non-testifying co-conspirators); *United States v. McClain*, 377 F.3d 219, 222 (2d Cir. 2004) ("a plea allocution by a co-conspirator who does not testify at trial may not be introduced as substantive evidence against a defendant unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination"). The DPA is "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (quoting *Crawford*, 541 U.S. at 51). Indeed, FirstEnergy and the government stipulated to the accuracy of the DPA's statement of facts:

> The United States and FirstEnergy Corp. stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case had proceeded to trial.

(DPA at 14). As a result, the DPA is testimonial under *Crawford*.

{01786112-1}

Admission of the DPA would violate Householder's and Borges's confrontation rights because they cannot confront FirstEnergy—their accuser—at trial. Unlike the other cooperating defendants (Jeff Longstreth and Juan Cespedes) who can appear at trial and be cross-examined, FirstEnergy cannot appear at trial and, thus, cannot be cross-examined at trial. Witnesses are only permitted to testify about matters to which they have personal knowledge, Fed. R. Evid. 602, and corporate representative are not exempt from this rule. *See Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 U.S. Dist. LEXIS 125093, at *15 (W.D. Ky. Aug. 8, 2017). There is simply no FirstEnergy witness who could testify (from a non-hearsay foundation) to all the matters contained within the DPA. After all, most of the conduct set forth in the DPA involves "Executives 1 and 2," who are no longer employed by FirstEnergy. (*See* DPA at 15). As FirstEnergy has conceded elsewhere, preparing its witnesses to testify in other related cases has been difficult because these individuals (and presumably others) are no longer employed by the company. *See In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-CV-3785, 2022 WL 3582366, at *4 (S.D. Ohio Aug. 19, 2022).

That there is no competent FirstEnergy witness who Householder and Borges could confront at trial is no idle fear. In related civil litigation, the parties sought a Fed. R. Civ. P. 30(b)(6) deposition of FirstEnergy, and they principally sought a witness who could testify about the DPA. Defs.' Mot. to Compel at Ex. 3, *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-cv-3785 (S.D. Ohio July 22, 2022), ECF No. 319-4. FirstEnergy designated an assistant controller, Tracy Ashton, to give this testimony. But FirstEnergy prepared Ashton so poorly—she did "little more than recite passages from the company's Deferred Prosecution Agreement," *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-CV-3785, 2022 WL 3582366, at *2 (S.D. Ohio Aug. 19, 2022) (quotations omitted)—that Magistrate Judge Jolson sanctioned FirstEnergy and ordered it "to

9

{01786112-1}

make available one or more corporate representatives for a second Rule 30(b)(6) deposition, for which Jones and Dowling may have the seven hours for questioning contemplated by the Rule." *Id.* at *5 (also finding FirstEnergy's "failure to produce a prepared witness or witnesses was not substantially justified"). FirstEnergy's failure to prepare a witness who could testify (from her own personal knowledge) about the DPA shows that Householder's and Borges's Confrontation Clause rights would be vitiated if the Court permits the government to admit the DPA at trial.

## V. CONCLUSION

For these reasons, the Court should prohibit the government from admitting the DPA.

Dated: November 9, 2022

Respectfully submitted,

/s/ Karl H. Schneider
Karl H. Schneider (0012881)
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant Matthew Borges*

/s/ Steven L. Bradley
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
         mark@mareinandbradley.com

/s/ Nicholas R. Oleski
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
         nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

10

{01786112-1}

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on November 9, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)