# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S MOTION *IN*** |
| LARRY HOUSEHOLDER, | ) | ***LIMINE* TO EXCLUDE CERTAIN** |
| | ) | **ALLEGED CO-CONSPIRATOR** |
| Defendant. | ) | **HEARSAY** |

Defendant Larry Householder moves the Court for an order *in limine* excluding certain alleged co-conspirator hearsay at trial. A memorandum in support of this motion is attached.

Dated: November 9, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
　　　　mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
　& LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
　　　　nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

1

{01786133-1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT LARRY** |
| LARRY HOUSEHOLDER, | ) | **HOUSEHOLDER'S MOTION *IN*** |
| | ) | ***LIMINE* TO EXCLUDE CERTAIN** |
| Defendant. | ) | **ALLEGED CO-CONSPIRATOR** |
| | ) | **HEARSAY** |

**I.     INTRODUCTION**

The government charged Defendant Larry Householder and the other defendants here with conspiring to violate the racketeering statute through bribery. The government's allegations—while encompassing a nearly 4-year time span—are focused on Householder's actions to pass HB 6. But the government's pretrial disclosures, its discovery, and its motion practice suggest that it wants to be far more expansive at trial. To this end, Householder expects that the government will seek to introduce communications between FirstEnergy Corp. executives and the former PUCO chair—none of whom are defendants here or are indicted in any other court—about a $4.3 million payment FirstEnergy made pursuant to a contract, which the government calls a bribe. Worse, as the government has shown in its charging documents, it will seek to introduce recorded communications between Neil Clark and undercover FBI agents in which Clark brags about his alleged influence with Householder and in which he provides a simple narrative description of some of his actions to support HB 6.

The government is not permitted to introduce these communications. They are hearsay— out-of-court statements offered for the truth of the matter asserted. True, there is a hearsay exception for statements made in furtherance of a conspiracy. But this exception contains

2

{01786133-1}

important limiting principles: the defendant must have joined this alleged conspiracy and the declarant's statements must be in furtherance of this conspiracy. Householder did not join any alleged conspiracy to bribe the former PUCO chair, and Clark's comments to the agents were not made in furtherance of any conspiracy.

The Court should grant this motion *in limine*.

## II.      LEGAL STANDARD

**A.**  Although the Federal Rules of Evidence do not "explicitly authorize a court to rule on an evidentiary motion in limine," *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016), the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials," *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is a pre-trial mechanism by which the Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. *See id.* "It is 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)).

"Ultimately, the determination whether to grant or deny a motion *in limine* is within the sound discretion of the trial court." *Advance Wire Forming, Inc. v. Stein*, __ F. Supp. 3d __, No. 1:18cv723, 2022 U.S. Dist. LEXIS 88055, at *12 (N.D. Ohio May 16, 2022).

**B.**  A statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "To invoke this hearsay exclusion, the government must demonstrate by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statement

was made in furtherance of the conspiracy." *United States v. Bailey*, 973 F.3d 548, 560 (6th Cir. 2020). The government may rely on the contents of the co-conspirator statements to demonstrate each of these elements, but must also offer independent, corroborating evidence to that effect. *United States v. Payne*, 437 F.3d 540, 544 (6th Cir. 2006). "When determining whether a conspiracy existed under Rule 801(d)(2)(E), the key is coordinated action." *United States v. Ibraheem Izzy Musaibli*, 42 F.4th 603, 615 (6th Cir. 2022) (cleaned up).

Because this rule can sweep swaths of statements into evidence, "the requirement that an agreement existed to achieve some end provides an important limiting principle." *Id.* at 618. "There must be a 'unity of interests,' not just analogous identities, before statements of alleged co-conspirators can speak in one's name. Otherwise, a conspiracy could be defined at such a general level—'organized crime' or 'terrorism' or just 'breaking the law'—to include statements that shared no other purpose than the one superimposed on them after the fact by prosecutors." *Id.* (cleaned up). All this means is that the government must show "that a common objective bound the conspiracy together, that the defendant agreed to this goal, and that the statements at issue were made in furtherance of it." *Id.*; *see United States v. Gigante*, 166 F.3d 75, 83 (2d Cir. 1999) (finding district court erred in permitting government, under Rule 801(d)(2)(E), to introduce statements by different Mafia families).

### III.  ARGUMENT

#### A.  Statements about FirstEnergy's alleged bribe of Public Official B are outside the scope of any alleged conspiracy here.

"[A]n indictment can be instructive to the analysis under Rule 801(d)(2)(E)." *Musaibli*, 42 F.4th at 615. The defendants here are charged with a conspiracy to violate the racketeering through bribery. (*See* Doc. 22). More specifically, the government alleged that the purpose of this racketeering enterprise was to "[o]btain[ ], preserv[e], and expand[ ] **Householder's** political

4

power in the State of Ohio through the receipt and use of secret payments." (Doc. 22 ¶ 32(A)) (emphasis added).

As part of its deferred prosecution agreement ("DPA"), FirstEnergy Corp. (FirstEnergy) admitted that it bribed Ohio public officials: Householder and Public Official B, the former chair of the Public Utilities Commission of Ohio (widely reported to be Sam Randazzo). DPA at 16-17, *United States v. FirstEnergy Corp.*, No. 1:21-cr-86 (S.D. Ohio July 22, 2021), ECF No. 3. According to the DPA, FirstEnergy paid $4.3 million to Randazzo's consulting company "in return for Public Official B performing official action in his capacity as PUCO Chairman to further FirstEnergy Corp.'s interests relating to passage of nuclear legislation and other specific FirstEnergy Corp. legislative and regulatory priorities, as requested and as opportunities arose." (DPA at 17).

This alleged bribe of Randazzo is outside the scope of the conspiracy charged in the indictment here and the government lacks evidence to show that Householder joined any criminal agreement to bribe Randazzo. Nevertheless, Householder understands that at trial the government may seek to introduce communications between FirstEnergy executives and Randazzo regarding this $4.3 million payment. (*See* DPA at 35-43) (setting forth some of these communications).[1] The Court should prohibit the government from doing so.

To begin, FirstEnergy's alleged bribe of Randazzo is beyond the scope of the conspiracy charged here. The government's indictment here is premised on its allegations of the defendants using monies contributed to a 501(c)(4) to expand ***Householder's*** political power. (Doc. 22

---

[1] Householder's belief is further premised on the government's discovery productions. It produced the communications referenced in the DPA, and it identified many of those communications as "hot docs" (a list of 1,000 or so documents) when it produced certain discovery to Householder.

¶ 32). It is not premised on monies contributed to one of Randazzo's businesses to enrich Randazzo.

More to the point, the government lacks evidence to show that Householder joined any criminal conspiracy to bribe Randazzo. "[W]hen a RICO conspiracy is charged, the defendant must be linked to an individual predicate act by more than hearsay alone before a statement related to that act is admissible against the defendant under Rule 801(d)(2)(E)." *United States v. Gigante*, 166 F.3d 75, 82-83 (2d Cir. 1999). Put simply, the government cannot link Householder to FirstEnergy's alleged bribe of Randazzo. After all, mere association, similar conduct, and discussion of common aims does not establish a conspiracy. *See* Pattern Crim. Jury Instr. 6th Cir. 3.02; *United States v. Wheat*, 988 F.3d 299, 307 (6th Cir. 2021) ("Yet just because an agreement can be tacit does not mean that it need not exist."). What the government must show, which it cannot, is that Householder's conduct (not the hearsay statements of others)[2] "show that" he "knew of the agreement's essential object." *Id.* (cleaned up); *accord Gigante*, 166 F.3d at 82-83.

The essential object of FirstEnergy's alleged bribe of Randazzo is just that: to pay monies to Randazzo in exchange for him providing various official actions. The government cannot show that Householder shared this alleged understanding with FirstEnergy and Randazzo. To be sure, the government alleges that both Householder and Randazzo took official action on HB 6, but that alone does not suffice to show the unity of interest required to admit these out-of-court statements under Rule 801(d)(2)(E).

The Court should exclude communications regarding FirstEnergy's alleged bribe of Randazzo.

---

[2] This is why any attempt by the government to rely on statements by Randazzo or Executive 2 about "coordination between [the] executive and legislative branches" falls short. (DPA at 39). The government needs non-hearsay to show Householder's knowledge. It cannot rely on the statements of others.

### B.    Statements between Neil Clark and undercover agents are also outside the scope of any conspiracy here.

During the course of the government's investigation here, it used undercover FBI agents to meet with and record conversations with Neil Clark (who at the time was a political consultant in Columbus) in summer 2019.[3] The agents posed as investors who sought to establish a sports book in a Cincinnati hotel. Through Clark, they sought to set up a meeting with Householder to discuss their "hotel" and sports betting legislation. Although Clark promised on several occasions to set up a meeting, he failed to do so through the summer. Eventually, at the end of September 2019, Clark scheduled a dinner with Householder (and several others) and the agents. This dinner was recorded.[4] The agents brought a political contribution—a check—to the dinner that they planned to give to Householder. But Householder never accepted any such check or contribution and took no action (official or otherwise) with respect to any sports betting legislation.

During the agents' meetings with Clark in the lead up to this dinner, he allegedly made several statements that the government will seek to elicit at trial. For example,

- "Generation Now is the Speaker's (c)(4)" (Doc. 5 ¶ 50);
- Householder "will go to the wall, but those guys that go to the wall can only do it once a year because if they do it all the time everybody knows they're pay to play" (Doc. 5 ¶ 183); and

---

[3] The media has extensively reported on this fact. *See, e.g.*, Jessie Balmert, *How FBI agents posed as Cincinnati hotel developers to catch suspects in 2 Ohio bribery scandals*, Cincinnati Enquirer, https://www.dispatch.com/story/news/politics/2020/11/11/how-fbi-agents-posed-cincinnati-hotel-developers-catch-ohio-bribery-suspects/6247234002/ (Nov. 11, 2020).

[4] To be clear, Householder does not seek to exclude his recorded statements at the dinner.

- "[O]n HB 6, [FirstEnergy and FirstEnergy Solutions] got $1.3 billion in subsidies, free payments, . . . so what do they care about putting in $20 million a year for this thing, they don't give a shit … I did this campaign. All we cared about was the subsidy." (Doc. 5 ¶ 186).

But Householder did not attend these meetings. Nor did any of the other defendants. What's more, the purpose of Clark's meeting with the agents was to discuss sports betting legislation. It was not to somehow promote HB 6. Thus, the agents' meetings with Clark formed a separate conspiracy (to advance sports betting legislation) that Householder never joined.

Even so, Clark's statements to the agents were not in furtherance of any conspiracy. "To be in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another." *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88 (2d Cir. 1999). "Mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy." *United States v. Darwich*, 337 F.3d 645, 657 (6th Cir. 2003) (cleaned up). "Rather, the statements must be such as to prompt the listener … to respond in a way that promotes or facilitates the carrying out of a criminal activity." *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990).

Clark's statements did not do so. Instead, he simply provided a narrative to the agents of what the defendants allegedly did, just like in *Darwich*. *See* 337 F.3d at 658 (holding district court erred in admitting statements); *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir. 1994) (holding that a statement that "simply informs a listener" of speaker's criminal acts does not satisfy the in-furtherance requirement). His conversations with the agents did not promote or facilitate any future criminal activity. *See United States v. Warman*, 578 F.3d 320, 339 (6th Cir. 2009) (holding district court erred in admitting statements because "[t]here is no indication that

8

[declarant] made either of these statements in an attempt to induce Dilts or Watkins to participate in the OMC conspiracy or that he was providing information that would assist them in carrying it out"). Nor did it promote the conspiracy; rather, he was simply bragging about his actions. (*See* Doc. 5 ¶ 28) (boasting that he was Householder's "proxy" and that he has the "final say, not Jeff [Longstreth]"). "[M]ere boasting is not 'in furtherance of' a conspiracy." *United States v. Brown*, No. 97-1618, 2000 U.S. App. LEXIS 14522, at *23 (6th Cir. June 20, 2000).

Clark's interactions with the agents were not in furtherance of any conspiracy. The Court should prevent the government from introducing these communications.

### C. The Court should take precautions before admitting co-conspirator hearsay.

Before allowing the government to admit any co-conspirator hearsay, the Court should require the government to meet its burden through presentation of non-hearsay evidence at trial. *See United States v. Happ*, No. CR2-06-129(8), 2008 U.S. Dist. LEXIS 125801, at *18-19 (S.D. Ohio Nov. 25, 2008) ("require[ing] the Government to meet its initial burden by producing at trial non-hearsay evidence establishing the existence of the conspiracy and the defendant's involvement"). Alternatively, the Court could order the government to "submit an offer of proof identifying any alleged co-conspirator statements it contemplates introducing at trial under Rule 801(d)(2)(E), after which the Court will review the proffer and decide" whether and how the statement would be admissible at trial. *United States v. Mills*, No. 16-cr-20460, 2019 U.S. Dist. LEXIS 19, at *11 (E.D. Mich. Jan. 2, 2019).

### IV. CONCLUSION

For these reasons, the Court should prohibit the government from introducing certain co-conspiracy hearsay.

{01786133-1}

Dated: November 9, 2022          Respectfully submitted,

                                                     */s/ Steven L. Bradley*
                                                     Steven L. Bradley (0046622)
                                                     Mark B. Marein (0008118)
                                                     MAREIN & BRADLEY
                                                     526 Superior Avenue, Suite 222
                                                     Cleveland, Ohio 44114
                                                     Phone: (216) 781-0722
                                                     Email: steve@mareinandbradley.com
                                                                    mark@mareinandbradley.com

                                                     */s/ Nicholas R. Oleski*
                                                     Robert T. Glickman (0059579)
                                                     Nicholas R. Oleski (0095808)
                                                     MCCARTHY, LEBIT, CRYSTAL
                                                       & LIFFMAN CO., LPA
                                                     1111 Superior Avenue East, Suite 2700
                                                     Cleveland, Ohio 44114
                                                     Phone: (216) 696-1422
                                                     Email: rtg@mccarthylebit.com
                                                                    nro@mccarthylebit.com

                                                     *Counsel for Defendant Larry Householder*

**CERTIFICATE OF SERVICE**

  I certify that the foregoing was electronically filed on November 9, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ Steven L. Bradley*
                Steven L. Bradley (0046622)