# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S MOTION *IN*** |
| LARRY HOUSEHOLDER, | ) | ***LIMINE* TO EXCLUDE CERTAIN** |
| | ) | **PREJUDICIAL EVIDENCE AND** |
| Defendant. | ) | **ARGUMENT** |

Defendant Larry Householder moves the Court for an order *in limine* excluding certain prejudicial evidence and argument at trial. A memorandum in support of this motion is attached.

Dated: November 9, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
       nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT LARRY** |
| LARRY HOUSEHOLDER, | ) | **HOUSEHOLDER'S MOTION IN** |
| | ) | **LIMINE TO EXCLUDE CERTAIN** |
| Defendant. | ) | **PREJUDICIAL EVIDENCE AND** |
| | ) | **ARGUMENT** |

**I.   INTRODUCTION**

The Court should exclude evidence that FirstEnergy Corp. may have bribed Public Official B and prohibit the government from referring to the alleged enterprise as "Householder's Enterprise." Neither the actions of uncharged third parties nor the government's belief (despite the evidence) that there was a criminal enterprise and that the alleged enterprise was Householder's are relevant. And even if they were relevant, they should be excluded under Rule 403.

The Court should grant this motion *in limine*.

**II.   LEGAL STANDARD**

Although the Federal Rules of Evidence do not "explicitly authorize a court to rule on an evidentiary motion in limine," *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016), the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials," *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is a pre-trial mechanism by which the Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. *See id.* "It is 'designed to narrow the evidentiary issues

2

for trial and to eliminate unnecessary trial interruptions.'" *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)).

"Ultimately, the determination whether to grant or deny a motion *in limine* is within the sound discretion of the trial court." *Advance Wire Forming, Inc. v. Stein*, __ F. Supp. 3d __, No. 1:18cv723, 2022 U.S. Dist. LEXIS 88055, at *12 (N.D. Ohio May 16, 2022).

III. ARGUMENT

    A. **The Court should exclude any evidence regarding alleged bribe payments made to Public Official B.**

As part of its deferred prosecution agreement ("DPA"), FirstEnergy Corp. (FirstEnergy) admitted that it bribed Ohio public officials: Householder and Public Official B, the former chair of the Public Utilities Commission of Ohio (widely reported to be Sam Randazzo). DPA at 16-17, *United States v. FirstEnergy Corp.*, No. 1:21-cr-86 (S.D. Ohio July 22, 2021), ECF No. 3. According to the DPA, FirstEnergy paid $4.3 million to Randazzo's consulting company "in return for Public Official B performing official action in his capacity as PUCO Chairman to further FirstEnergy Corp.'s interests relating to passage of nuclear legislation and other specific FirstEnergy Corp. legislative and regulatory priorities, as requested and as opportunities arose." (DPA at 17). But FirstEnergy's alleged bribe of Randazzo is not relevant and even if it were relevant, it should be excluded under Rule 403.

Start with relevance. Only relevant evidence is admissible at trial. Evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). That FirstEnergy may have bribed Randazzo does not make it more or less likely that Householder is guilty of the charge against *him*.

3

The only conceivable link between those Randazzo's alleged conduct and Householder's is the theory that others' misconduct proves that Householder must be guilty as well. That fallacy plainly cannot support admission of the evidence. The government may not establish "guilt by association." *United States v. Chance*, 306 F.3d 356, 385 (6th Cir. 2002). This "guilt by association evidence" is "not relevant as that term is defined in Rule 401 and hence is inadmissible under Rule 402." *United States v. Polasek*, 162 F.3d 878, 885 n.2 (5th Cir. 1998).

Next, unfair prejudice under Rule 403. Prejudice is unfair when it "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As explained above, lumping Householder together with Randazzo runs the obvious risk of guilt by association. "Guilt by association is just what Fed. R. Evid. 403 was intended to exclude." *United States v. Wassner*, 141 F.R.D. 399, 405 (S.D.N.Y. 1992); *see also United States v. Ferguson*, 246 F.R.D. 107, 119 (D. Conn. 2007) (excluding evidence to "prevent the risk" that one defendant "will be unduly prejudiced through guilt by association" with a third party). The indictment against Householder is based on what *he* (and other named defendants) allegedly did. It is not based on conduct FirstEnergy and Randazzo may have engaged in.

Evidence about whether FirstEnergy bribed Randazzo would also be a needless waste of time. Admitting this evidence would result in a trial within a trial—whether Randazzo may have committed criminal offenses—that will result in undue delay "likely sufficient in itself to justify exclusion of the evidence under Rule 403." *United States v. Yu Qin*, 688 F.3d 257, 264 (6th Cir. 2012). "The amount of time and the number of witnesses needed to present and rebut these allegations would almost certainly influence the jury's perception of its relative importance and could cause confusion that this alleged conduct is part of the criminal charges for which

Defendants are on trial." *Id.* (holding district court did not abuse its discretion in excluding 404(b) evidence). Injecting Randazzo's actions into the case will inevitably prompt debates over what he did, whether FirstEnergy's payment to his company constituted a bribe, and the extent of the evidence allowed to prove up those other acts. This Court should not allow such pointless forays into side issues that have nothing to do with Householder's guilt.

**B.     The Court should prohibit the government from referring to the alleged enterprise as "Householder's Enterprise."**

Previously, Householder moved to strike the term "Householder's Enterprise" from the indictment. (*See* Doc. 107). The government opposed Householder's motion as "premature" because his "concerns" "can be addressed at the Court's charging conference – after the Court has heard the evidence." (Doc. 110 at 2535).

Respectfully, the prejudice Householder faces by the government labeling the alleged enterprise here as *his* Enterprise cannot be addressed at the charging conference. The Court should preclude the government from calling the alleged enterprise "Householder's Enterprise" before the jury. *See United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 2565294, at *22 (N.D. Ohio June 27, 2011) (striking indictment's references to "Hazelwood Drug Trafficking Organization" and "Hazelwood DTO"); *United States v. Reyes*, 922 F. Supp. 818, 839 (S.D.N.Y. 1996) (striking indictment's references to the "Reyes Crew" in RICO case). This term is "both prejudicial and inflammatory" because "[the defendant] would face an insurmountable task in convincing the jury that he was not a member of the enterprise or conspiracy bearing his name." *Reyes*, 922 F. Supp. at 839; *see Hazelwood*, 2011 WL 2565294 at *22 "The terms 'Hazelwood Drug Trafficking Organization' and 'Hazelwood DTO' are similarly irrelevant and prejudicial to Hazelwood.").

5

{01786133-1}

What's more, the government's use of this term at trial would violate Householder's Due Process rights. If the prosecutor is permitted to refer to the alleged enterprise here as "Householder's Enterprise" at trial, the prosecutor will effectively be communicating her opinion on the ultimate issue of guilt or innocence that our adversarial system of justice explicitly places in the jury's hands alone. A fair trial demands this be prohibited. *See United States v. Young*, 470 U.S. 1, 18 (1985); *accord* Ohio Prof. Cond. R. 3.4(e) (prohibiting a lawyer from stating her personal opinion as to "the guilt or innocence of the accused"); *United States v. Robinson*, No. 16-98 (CKK), 2017 U.S. Dist. LEXIS 227460, at *6 (D.D.C. June 30, 2017) (Permitting the government to refer to a defendant doctor's patients as "customers" "is effectively the same as the government stating to the jury that the Defendant is guilty, and it has long been settled that the prosecutor should not assert to the jury what in essence is his opinion on guilt or innocence.") (cleaned up).

At bottom, words matter. The Court should not permit the government to express to the jury its opinion as to Householder's guilt. Absent a strict prohibition on the government using the term "Householder's Enterprise," Householder's right to a fair trial will be impinged.

**IV.  CONCLUSION**

For these reasons, the Court should exclude this evidence.

{01786133-1}

Dated: November 9, 2022                    Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
       nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

{01786133-1}

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on November 9, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
