UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S OPPOSITION TO** |
| LARRY HOUSEHOLDER, | ) | **GOVERNMENT'S MOTION** *IN* |
| | ) | *LIMINE* **TO PRECLUDE** |
| Defendant. | ) | **REFERENCES AND COMMENTS** |
| | ) | **REGARDING STATEMENTS BY** |
| | ) | **GOVERNMENT ATTORNEYS** |
| | ) | **RELATING TO THIS CASE** |

Unlike the other defendants, Defendant Larry Householder has not met with government attorneys for either a proffer session or a "reverse" proffer session. As a result, there are no statements by government attorneys to him that he could seek to introduce at trial. Instead, the government's motion (Doc. 139) is largely targeted at Defendant Matthew Borges and statements government attorneys may have made to Borges at various proffer sessions. (*See id.* at 3773-74).[1] With one exception, Householder takes no position on the government's motion.

The exception is this: should Borges testify, Householder should be permitted to cross-examine Borges about whether the government offered Borges a plea and whether Borges rejected the plea. Although plea discussions are inadmissible "against the defendant," Fed. R. Evid. 410(a), "it does not necessarily follow that the Government is entitled to a similar shield," *United States v. Biaggi*, 909 F.2d 662, 690 (2d Cir. 1990); *see United States v. Mezzanatto*, 513 U.S. 196, 205 (1995) (The Rules of Evidence "leave open the possibility that a defendant may

---

[1] The government, of course, takes the position that while Borges cannot reference his meetings with government attorneys, the government can reference and introduce Borges's proffer statements. (Doc. 139 at 3774 n.1). As Householder has noted elsewhere, this justifies a severance of his trial from Borges's. After all, in a Householder-only trial, the government could not offer Borges's proffer statements. *See* Fed. R. Evid. 802; U.S. Const. amend. VI.

offer such [plea] statements into evidence for his own tactical advantage."). "Generally, the court should give a defendant in a criminal case considerable leeway to introduce evidence of offers to plead or pleas that might be excluded if offered by a prosecutor." 2 Weinstein's Federal Evidence § 410.05 (2021). This is because a defendant's rejection of a plea offer is relevant to his innocent state of mind. *See Biaggi*, 909 F.2d at 691. And because the government charges Borges in the same racketeering conspiracy as Householder (*see* Doc. 22), Borges's state of mind is relevant.

The Court should thus deny the government's motion (Doc. 139) as set forth above.

Dated: November 28, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
      nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on November 28, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<i>/s/ Steven L. Bradley</i>
Steven L. Bradley (0046622)