# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **REPLY IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION *IN LIMINE*** |
| LARRY HOUSEHOLDER and | ) | **TO EXCLUDE FIRSTENERGY** |
| MATTHEW BORGES, | ) | **DEFERRED PROSECUTION** |
| | ) | **AGREEMENT** |
| Defendants. | ) | |

Defendants Larry Householder and Matthew Borges's motion to exclude FirstEnergy's deferred prosecution agreement is not moot or premature. They sought an order to exclude the admission of the DPA as a trial exhibit and to preclude the government from referencing that agreement at all at trial. (*See* Doc. 140 at 3777) (moving the Court for an order excluding the DPA "and any testimony regarding it at trial"). The government concedes that it will not admit the DPA as a trial exhibit, but it says that it nonetheless may reference the agreement at trial. (Doc. 143 at 3808). It, however, presents no legal argument about how it would be permissible to do so. Because the government does not concede that it will not reference the DPA at trial at all, Householder and Borges's motion is not moot, and the Court should decide it. *See United States v. Sittenfeld*, No. 1:20-CR-142, 2022 WL 2192955, at *5 (S.D. Ohio June 17, 2022) (proceeding to decide motions in limine because "the party responding to the motion, as noted above, adds some qualifiers to the non-opposition").

The government offers nothing in its non-opposition to explain how it would be permissible for it to reference the DPA at trial. It says—without explanation—that the DPA might be relevant if the defense presents certain, unidentified, arguments or if certain, again

1

unidentified, witnesses testify about the DPA. (Doc. 143 at 3808). Neither makes the DPA relevant or admissible.

Start with defense strategies. The *only* defense strategy—as Householder and Borges explained—that would make the DPA potentially relevant is if they intend to use the existence of the DPA to attack FirstEnergy's credibility as a testifying witness. (Doc. 140 at 3782) (citing, among other authorities, *United States v. Tocco*, 200 F.3d 401, 416-17 (6th Cir. 2000); *United States v. Clark*, No. 1:19-cr-148, 2020 WL 830057, at *13 (N.D. Ohio Feb. 20, 2020)). But that literally cannot happen at trial. FirstEnergy will not and cannot testify at trial. And the government does not suggest otherwise. Just as the government would be precluded from introducing or referencing (for example) Jeff Longstreth's plea and cooperation agreement if he does not testify, *see, e.g.*, *United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008), the government is precluded from introducing and referencing FirstEnergy's DPA, *United States v. Farha*, No. 8:11-CR-115-T-30MAP, 2012 U.S. Dist. LEXIS 178185, at *3 (M.D. Fla. Dec. 17, 2012).

Nor would it be appropriate to mention the DPA if unnamed witnesses might have knowledge of it. To begin, due to the government's publicity efforts,[1] it is likely that every trial witness will have some knowledge of the DPA. That a witness might know that FirstEnergy bought its way out of criminal prosecution does not make the existence of the DPA a relevant trial fact, and the government does not even bother to try and explain how it might be relevant. Even if it were somehow relevant, the Court should exclude any mention of the DPA under Rule

---

[1] *See, e.g.*, Jackie Borchadt, *FirstEnergy $230 million payment and deferred prosecution agreement: What you need to know*, Columbus Dispatch, https://www.dispatch.com/story/news/politics/2021/07/23/house-bill-6-what-you-need-know-firstenergy-agreement/8066999002/ (July 23, 2021) (noting that the acting U.S. Attorney called FirstEnergy's $230 million payment "the largest criminal penalty ever collected as anyone can recall in the history of this office"); Press Release, Department of Justice, https://www.justice.gov/usao-sdoh/pr/firstenergy-charged-federally-agrees-terms-deferred-prosecution-settlement (July 22, 2021).

{01799938-1}

403. (*See* Doc. 140 at 3783-84) (explaining why the admission of the DPA should be barred under Rule 403).

The government has offered no legal argument to justify its use of the DPA at trial. Because it has failed to do so, and for all the reasons Householder and Borges have previously offered, the Court should grant their motion and exclude the DPA at trial.

Dated: December 5, 2022

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881)
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant Matthew Borges*

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
          mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
          nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on December 5, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Steven L. Bradley</u>
Steven L. Bradley (0046622)