| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **REPLY IN SUPPORT OF DEFENDANT** |
| | ) | **LARRY HOUSEHOLDER'S MOTION** |
| LARRY HOUSEHOLDER, | ) | *IN LIMINE* **TO EXCLUDE CERTAIN** |
| | ) | **PREJUDICIAL EVIDENCE AND** |
| Defendant. | ) | **ARGUMENT** |

**A.**     Defendant Larry Householder sought an order to exclude evidence and argument

that FirstEnergy allegedly bribed Public Official B. The government agrees that it will not

introduce such evidence. (Doc. 145 at 3832).[1] As a result, Householder's motion, on this point, is

moot.

**B.**     Householder's motion to preclude the government from referring to the alleged

enterprise as "Householder's Enterprise" is not moot. The government says that it will not use

this term "as the formal name of the Enterprise," but instead it may "us[e] the term at trial to

argue that Householder controlled and directed the Enterprise, consistent with a reasonable

interpretation of the evidence submitted at trial." (Doc. 145 at 3833). Householder does not

understand the distinction the government is trying to make. To be sure, the government may try

and present evidence and argument to show that Householder exerted some degree of control

over the alleged enterprise, but it should stop there. As the cases cited by Householder in his

motion show, he faces extraordinary prejudice if the government is allowed to refer to the

---

[1] The government's agreement comes with a caveat. It says that if evidence of FirstEnergy's alleged scheme to bribe Public Official B "becomes relevant because of the defendants' cross-examination, case, or argument, the United States will seek to revisit this issue with the Court and parties." (Doc. 145 at 3832). Householder does not understand how this evidence could become relevant because of the defense case. But he understands that the government will take this issue up with the Court outside the presence of the jury before it seeks to introduce this evidence.

alleged enterprise as **his** enterprise before the jury. (*See* Doc. 142 at 3803) (citing *United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 2565294, at *22 (N.D. Ohio June 27, 2011); *United States v. Reyes*, 922 F. Supp. 818, 839 (S.D.N.Y. 1996)).

The government cites nothing to the contrary. It tries to distinguish *Hazelwood* and *Reyes* by claiming that in those cases the government was not using the term the "defendant's enterprise" "as a correct, factual description" of the evidence.[2] (Doc. 145 at 3833). Not so. In both cases, the government sought to use the phrase "the defendant's enterprise" (or a variation of it) to show that the defendant "was the organizer and undisputed leader of a criminal enterprise." *Reyes*, 922 F. Supp. at 839; *see Hazelwood*, 2011 WL 2565294, at *22 (government argued the defendant was "the lynchpin of the conspiracy"). But both courts found that this rationale did not make the made-up term relevant or admissible. So too here. Just as the *Reyes* court allowed the government to try and prove that the defendant "was the organizer and leader of the enterprise," *Reyes*, 922 F. Supp. at 839, the Court should allow the government to try and prove that Householder was the organizer and leader of the alleged enterprise. However, just like the *Reyes* court, it should prevent the government from calling the alleged enterprise "Householder's Enterprise."

The Court should grant Householder's motion.

---

[2] The government also seems to forget that this is a trial where the government bears the burden of proving—beyond a reasonable doubt—the charges in the indictment. Allowing the government to call the enterprise "Householder's Enterprise," puts the cart before the horse. That phrase presupposes not only the enterprise exists but that it is Householder's. The jury, not the government, must make that finding.

{01799943-1}

Dated: December 5, 2022

Respectfully submitted,

/s/ Steven L. Bradley
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
        mark@mareinandbradley.com

/s/ Nicholas R. Oleski
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
        nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

{01799943-1}

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on December 5, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)

{01799943-1}