UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **NOTICE OF SUPPLEMENTAL** |
| | ) | **AUTHORITY IN SUPPORT OF** |
| LARRY HOUSEHOLDER, | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S MOTION TO** |
| Defendant. | ) | **DISMISS THE INDICTMENT** |

Yesterday, a United States District Court for the Southern District of New York dismissed, in part, an indictment against a former public official because it "fails to allege an explicit *quid pro quo*, which is an essential element of the bribery and honest services wire fraud charges brought against" the former official. *United States v. Benjamin*, No. 21-cr-706 (JPO), 2022 WL 17417038, at *1 (S.D.N.Y. Dec. 5, 2022); *see also United States v. Donagher*, 520 F. Supp. 3d 1034, 1046 (N.D. Ill. 2021) (dismissing 18 U.S.C. § 666 counts for failure to allege an explicit *quid pro quo*). Defendant Larry Householder similarly argued that the government here failed to sufficiently allege an explicit *quid pro quo*—an essential element of the bribery predicates. (*See* Doc. 105 at 1762; Doc. 116 at 3382-83). Just as in *Benjamin*, the government here alleged that monies were paid "***in return*** for Householder taking specific official action for the benefit of [FirstEnergy]." (Doc. 22 ¶ 41) (emphasis added); *see Benjamin*, 2022 WL 17417038, at *14 (stating that the indictment alleged that payments were made to the official "in exchange for" specific official action). "But the existence of an exchange or agreement does not necessarily imply the existence of an explicit or express agreement. The use of 'exchange' was thus insufficient to fully apprise the grand jury of a necessary element of Counts Two and Three (and, therefore, Count One, which charges a conspiracy to commit the latter two counts)." *Id.*

1

2

For these reasons and for the reasons Defendant Householder previously offered, the Court should dismiss the Indictment or, at a minimum, dismiss the bribery predicates.

Dated: December 6, 2022

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
   mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
   nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on December 6, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
