UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY S. BLACK |
| v. | : | |
| | : | **MOTION *IN LIMINE* TO RESOLVE** |
| | : | **DISPUTED TRANSCRIPT** |
| LARRY HOUSEHOLDER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

The Government submits this motion *in limine* to request the Court resolve a disputed portion of a transcript that the Government will seek to admit as an exhibit at trial.

## BACKGROUND

On December 12, 2022, the Government provided defense counsel with transcripts for recordings that it intends to offer into evidence at trial.[1] The Government requested that any disputed portions of the transcripts be identified by December 30th. Defense counsel did not contact the Government by that date.

On January 11, 2023, at the final pretrial conference, counsel for Defendant Borges alerted the Court and the Government that it had identified errors in the transcript. After the conference, defense counsel provided the Government with three proposed corrections. The Government reviewed the recordings and agreed that two of the three proposed corrections were appropriate. The Government also agreed that the third selection identified by defense counsel should be changed, but disagreed with defense counsel as to what that change should be. After conferring, the parties are at an impasse as to which alteration is appropriate.

---

[1] The recordings themselves were produced to defense counsel in September of 2020.

Accompanying this motion is a copy of the recording, which has been marked as Government Exhibit 616A, and will be hand-delivered to the Court's chambers. The line at issue appears at time stamp 31:12. The parties proposed language is as follows.

Defense counsel: "We're making sure this is totally separate. And, quite frankly, I do need some help with this stuff."

Government: "We're making sure that this is totally separate. And, quite frankly, I do need to know this stuff."

## LEGAL AUTHORITY

The trial court has the discretion to allow the presentation of transcripts of admissible recordings to the jury so that the jury may follow recordings more easily. *United States* v. *Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). Transcripts are generally not submitted to the jury as evidence unless the parties stipulate to their accuracy. *Id.*; *United States* v. *Vinson*, 606 F.2d 149, 155 (6th Cir. 1979); *see* Sixth Circuit Pattern Inst. 7.17. Where the parties stipulate to accuracy, the transcripts and the recordings may be submitted to the jury as evidence. *Robinson*, 707 F.2d at 876. The Sixth Circuit has encouraged parties to stipulate to the accuracy of transcripts prior to trial. *United States* v. *Segines*, 17 F.3d 847, 854 (6th Cir. 1994) ("The preferred method is stipulation to its accuracy by all parties."). But even in the absence of a stipulation, transcripts may still be admitted, provided "the transcriber . . . verif[ies] that he or she has listened to the tape and accurately transcribed its content" and the district court "make[s] an independent determination of accuracy by reading the transcript against the tape." *United States* v. *Fults*, 639 F. App'x 366, 371 (6th Cir. 2016) (quoting *Robinson*, 707 F.2d at 878-79); *accord United States* v. *Hogan*, 402 F. App'x 54, 60 (6th Cir. 2010) ("The next best alternative is for the transcriber to attest to its accuracy and for the court to test its accuracy, outside of the

jury's presence, by reading the transcripts while listening to the tapes."). If the court believes any portion of the transcript is unreliable, "the court should direct the deletion of the unreliable portion of the transcript." *Fults*, 639 F. App'x at 371 (quoting *Robinson*, 707 F.2d at 879).

This Court's resolution of the only identified dispute about the transcript—whether by adopting one the parties' proposals, providing its own, or deleting that line—will provide the necessary "safeguard" of "reliability," such that the transcript may be admitted into evidence. *See United States* v. *Blackwell*, 16 F.3d 1221, 1994 WL 6809, at *4 (6th Cir. 1994) (table) (per curiam). The Government submits that all the transcripts it offers should be admitted into evidence. Not only has defense counsel had the opportunity to raise any inaccuracies, but the FBI agent who supervised the transcriptions and reviewed them for accuracy will testify at trial. With a limiting instruction, the transcripts may be properly admitted and will aid the jury in their review of the recordings. *See* Sixth Circuit Pattern Jury Inst. 7.17; *United States* v. *Elder*, 90 F.3d 1110, 1129-30 (6th Cir. 1996).[2]

                                  Respectfully submitted,

                                  KENNETH L. PARKER
                                  United States Attorney

                                  /s/*Megan Gaffney Painter*
                                  MATTHEW C. SINGER (IL 6297632)
                                  EMILY N. GLATFELTER (0075576)
                                  MEGAN GAFFNEY PAINTER
                                  (NY 4849220)
                                  Assistant United States Attorneys
                                  221 East Fourth Street, Suite 400
                                  Cincinnati, Ohio 45202
                                  (513) 684-3711

---

[2] Even if the transcripts are not admitted into evidence, they may still be used by the jury in deliberations, provided "the tape is in evidence, the defendant has not questioned the accuracy of the transcript, and the defendant has shown no prejudice." *United States* v. *Scarborough*, 43 F.3d 1021, 1025 (6th Cir. 1994).

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion *in Limine* was filed electronically this 18th day of January, 2023, and served upon all counsel of record via the Court's CM/ECF system.

                                    /s/*Megan Gaffney Painter*
                                    MEGAN GAFFNEY PAINTER
                                    (NY 4849220)
                                    Assistant United States Attorney