# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **United States of America,** : | |
| : | Case No.:  1:20-cr-077 |
| **Plaintiff,** : | |
| v. : | Judge Timothy S. Black |
| : | |
| **Matthew Borges,** : | |
| : | |
| **Defendant.** : | |

### DEFENDANT BORGES' RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE* TO RESOLVE DISPUTED TRANSCRIPT (Doc. 185)

Defendant, Matthew Borges ("Borges"), through counsel, hereby provides his Response to the Government's Motion *in Limine* to Resolve Disputed Transcript (Doc. 185) and submits that the Court should deny the Government's Motion.

*First,* the disputed portion of the Government's transcript is not inaudible. It is clear. At 31:15 to 31:17 of the recording, Borges says: "And, quite frankly, I do need some help with this stuff." Not only is it clear, but it makes sense given the context—a discussion about "other projects" that is separate from the projects the interlocutors are currently working on. Indeed, Borges uses the word "help" in relation to the other stuff twice before the disputed portion and once after. (Timestamp 26:40—50 (uses word "help" twice); 34:25—45.) Moreover, Borges' very next statement, after the disputed words, makes it clear that he is referring to "*help* with this stuff"—"So, it's not immediate, I don't need you to start *working* on it tomorrow. … But I do want you to take care of the issues that you got." (emphasis added.)

1

*Second,* the Government's version—"And, quite frankly, I do need to know this stuff."—materially changes the words that were clearly uttered. That material change is highly prejudicial because it changes the entire nature of their conversation. Counsel understands why the Government wants its transcript to read that way—it might help their case and comport with their theories—but wishful thinking and creative writing do not change the words that were uttered.

*Third,* the Government has presented no witnesses, so its motion is premature. *See United States v. Robinson,* 707 F.2d 872, 879-89 (6th Cir. 1983) (holding that, in the absence of a stipulation, the proponent should call the transcriber to "verify that he or she has listened to the tape and accurately transcribed its content[] [and then] [t]he court should also make an independent determination of accuracy by reading the transcript against the tape. Where, as here, there are inaudible portions of the tape, the court should direct the deletion of the unreliable portion of the transcript.") Only after the Government presents its witness and the defense cross-examines that witness, should the Court determine whether the transcript is accurate and whether it should be admitted into evidence (with an appropriate limiting instruction) or allowed in deliberations (again, with an appropriate limiting instruction).

In any event, the recording itself is the evidence and it should be left for the jury to decide what was said. The Government's Motion should be denied.

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response was electronically filed with the Clerk of the United States District Court using the CM/ECF system on January 18, 2023, which will send notification of such filing to all attorneys of record including Assistant United States Attorneys Emily Glatfelter, Matthew Singer, and Megan Gaffney Painter.

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel