UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:20-CR-77 |
| v. | : | |
| | : | JUDGE BLACK |
| LARRY HOUSEHOLDER, et al., | : | |
| | : | <u>OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM</u> |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

<u>UNITED STATES' OBJECTIONS TO DEFENDANTS'
PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>

The United States of America, through the undersigned Assistant United States Attorneys, hereby submits the following objections to Defendants' Proposed Jury Instructions and Verdict Form.  (Doc. 174; Doc. 174-1).

KENNETH L. PARKER
United States Attorney

<u>s/ Matthew C. Singer</u>
MATTHEW C. SINGER (IL 6297632)
EMILY N. GLATFELTER (0075576)
MEGAN GAFFNEY PAINTER (NY 4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
Email:  Matthew.Singer@usdoj.gov
E-mail: Emily.Glatfelter@usdoj.gov
E-mail: Megan.Painter@usdoj.gov

1

**Objections**

Defendants' Proposed Jury Instruction No. 12 (Definition of Crime Charged: RICO Conspiracy)

- The United States objects to Instruction No. 12 and requests that the Court use United States' Proposed Instruction No. 4 (Doc. 175 at 4138) for the following reasons:

    o The third element omits that a defendant may also be "employed by" the enterprise.

    o The fifth element wrongly imposes a willful mens rea. *See United States v. Rich*, 14 F.4th 489, 492 (6th Cir. 2021) (requiring proof that a conspirator "knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity").

    o The sixth element is so convoluted that it threatens to misstate the government's burden by imposing a temporal requirement and heightened mens rea.

    o Elements four through six risk confusing the jury by separating the defendant's joining the conspiracy into three separate elements; by referring to "a pattern of racketeering activity" and then to "at least two other acts of racketeering activity" interchangeably without explanation; by incorporating the definition of conspiracy into the underlying elements; and by referring to "other acts" of racketeering.

Defendants' Proposed Jury Instruction No. 14 (First Element: Existence of an Enterprise)

- The United States objects to Proposed Jury Instruction No. 14 and requests that the Court use the United States' Proposed Instruction No.5 (Doc. 175 at 4139) for the following reasons:

    o The instruction fails to explain that the enterprise "need not have a hierarchical structure and its members need not have fixed roles" and that "different members may perform different roles at different times." *Boyle v. United States*, 556 U.S. 938, 948 (2009); Third Circuit Pattern Instruction 6.18.1962C-2.

Defendants' Proposed Instructions No. 16 (Third Element: Association with the Enterprise)

- The United States objects to Proposed Instructions No. 16 and requests that the Court use the United States' Proposed Instruction No. 7 (Doc. 175 at 4142) for the following reasons:

    o The instruction omits that the government may alternatively prove that a defendant was employed by the enterprise.

Defendants' Proposed Instruction No. 17 (Fourth Element: Participate in the Affairs of an Enterprise through a Pattern of Racketeering Activity)

- The United States objects to Proposed Instruction No. 17 and requests that the Court use the United States' Proposed Instruction No. 8 (Doc. 175 at 4143-45) for the following reasons:

    o The instruction omits Sixth Circuit Pattern Instruction 3.06 (Unindicted, Unnamed, or Separately Tried Coconspirators). The Court gave a slightly modified version of this instruction pursuant to the parties' agreement following the testimony of a FirstEnergy witness, so the defendants agree this instruction is applicable. And the jury will continue to hear evidence of unindicted co-conspirators throughout the trial, making the instruction appropriate in the final instructions at the end of trial.

Defendants' Proposed Instruction No. 18 (Fifth Element: Defendants' Connection to the Alleged Conspiracy)

- The United States objects to Proposed Instruction No. 18 and requests that the Court use the United States' Proposed Instruction No. 8 (Doc. 175 at 4143-45) for the following reasons:

    o Sixth Circuit Pattern Instruction 3.03 is confusing as applied to RICO conspiracy because it speaks in terms of a defendant's relationship with a conspiracy instead of an enterprise. Defendant cites no pattern jury instructions that recommend its use (or its content) in this context.

    o The government's instruction correctly explains the required relationship between a defendant and the enterprise and the required agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity.

Defendants' Proposed Instruction No. 19 (Sixth Element: Pattern of Racketeering Activity)

- The United States objects to Proposed Instruction No. 19 and requests that the Court use the United States' Proposed Instruction No. 8 (Doc. 175 at 4143-45) for the following reasons:

    o The first paragraph of the instruction misstates the law by requiring that "the defendant engaged in a pattern of racketeering activity."

- o The instruction misstates the law on continued activity by stating that "continued activity is sufficiently established when predicate acts can be attributed to *a defendant* operating as part of a long-term association. . . ."

    - The government's instruction correctly provides: "To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that the acts are part of a long-term association that existed for criminal purposes."

- o The instruction repeatedly misstates the law on unanimity by requiring the jury "to unanimously find that the defendant committed (or agreed to commit or agreed would be committed by a conspirator) at least two *acts* of racketeering activity." (emphasis added). The defendants' separate unanimity instruction (Proposed Instruction No. 49) also misstates the law and is inconsistent with the unanimity language in this instruction.

    - The government's instruction correctly provides: "To convict a defendant of the RICO conspiracy offense, your verdict must be *unanimous* as to which *type or types* of predicate racketeering activity a defendant agreed would be committed." (Doc. 175 at 4161) (emphases in original).) The defendants recognize in their authority discussion for Proposed Instruction No. 49 that the government's proposed instruction accurately states the law.

    - Unanimity should be included as a separate instruction to avoid jury confusion.

- o The instruction is confusing. For example, it suggests that "deciding that two [racketeering] acts were committed . . . may not be enough for you to find that a pattern exists" but does not specify why. The instruction should state what the jury is required to find and explain those requirements.

Defendants' Proposed Instruction No. 20 (First Racketeering Act: Public Official Honest Services Wire Fraud)

- The United States objects to Proposed Instruction No. 20 and requests that the Court use United States' Proposed Instruction No. 8A (Doc. 175 at 4146-52) for the following reasons:

    - o The introductory language for this predicate (and every other predicate) states that the jury must find "that the government has proved each and every one of the following elements beyond a reasonable doubt." That is misleading. The government need only prove that the defendant agreed that he, or a conspirator, would commit two or more racketeering acts. The United States objects to this language for all predicates.

    - o The concluding language for this predicate (and for every other predicate) also wrongly suggests that each racketeering act must have been committed by one of

the defendants. (*E.g.,* Doc. 174 at 4062 (last paragraph).) The United States objects to this language for all predicates.

- o By using "defendant" throughout, the language of this predicate (and every other predicate) wrongly suggests that the jury must find that one of the defendants actually committed the predicates. The government made the same mistake in its proposed instructions and recommends changing "defendant" to "person" when describing the elements of the predicates.

- o The instruction misstates the law and does not follow the Sixth Circuit Pattern Instruction as to both the first and fourth elements:

    - First Element

        - The mens rea for public official honest services fraud is knowingly, not "voluntarily and intentionally." Sixth Circuit Pattern Instruction 10.02

        - The instruction wrongly states that the defendant must have devised a scheme, but a defendant is also guilty if he knowingly participated in such a scheme. Sixth Circuit Pattern Instruction 10.02.

    - Fourth Element

        - The law requires the use of an interstate facility to be in furtherance of the scheme, not in furtherance of some essential step. Sixth Circuit Pattern Instruction 10.02. The Sixth Circuit Pattern does not require identification of the specific facility.

- o The definition of scheme to defraud again misstates the mens rea and inaccurately says that good faith is a complete defense to the crime. (*See* Doc. 177 at 4328-30; Doc. 180 at 4352; *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202.)

- o The definition of bribery fails to account for the fact that (1) solicitation of a payment in return for official action is quid pro quo bribery; and (2) receiving a bribe knowing it was provided in return for a public official performing or agreeing to perform an official act is quid pro quo bribery. *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202 PageID 3213; *United States v. Evans*, 504 U.S. 255, 268 (1992) (quid pro quo bribery in the campaign contribution context occurs where "a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts"); *accord United States v. Blandford*, 33 F.3d 685, 696 (6th Cir. 1994); Sixth Circuit Pattern 17.02.

- o The instruction fails to explain what is not a defense to bribery. (Doc. 175 at 4149.) These non-defenses should be included. (Sixth Circuit Pattern Instruction 17.02; *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202

5

      PageID 3215-16) (including non-defenses from Sixth Circuit Pattern 17.02 in honest services wire fraud instruction).)

- The definition of official act is incomplete.

    - The definition omits that "the decision or action may include using an official position . . . to advise another public official with the intent to pressure the official to perform an official act." (Doc. 175 at 4150 (citing *McDonnell v. United States*, 579 U.S. 550, 574 (2016)). Although the "advise" language is not contained in the Sixth Circuit Pattern definition of "official act," *see* Sixth Circuit Pattern 17.02, the Supreme Court made clear in *McDonnell* that, "to advise another official, knowing or intending that such advice will form the basis for an 'official act' by another official," qualifies as "official action." 579 U.S. at 574. Evidence of this type of official action will be presented at trial, and Sixth Circuit Pattern Instruction 17.02 does not account for this type of official action. The government's proposed additions to the Sixth Circuit Pattern are therefore appropriate. *See* Sixth Circuit Pattern, Introduction (noting that no set of pattern instructions cover all variables, and the instructions should be tailored to the facts of each case).

    - The definition omits that the "public official need not have actually performed an official act, or even intended to do so." (*United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202 PageID 33217).

    - The government's proposed instruction (Doc. 175 at 4149-50) comports with *McDonnell v. United States*, 59 U.S. 550 (2016) and tracks the instruction provided in *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202 PageID 3215-16.

- The language about campaign contributions (Doc. 174 at 4061), which comes from *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), does not apply to this case.

    - In *Sittenfeld*, the bribe payments were made to the defendant's PAC in the form of campaign contributions.

    - In this case, in contrast, the bribe payments were made to a 501(c)(4)—a social welfare organization that cannot receive campaign contributions controlled by a candidate for his personal benefit. The government's proposed instructions included the heightened "explicit" quid pro quo standard set forth in *McCormick/Evans* for campaign contribution bribery cases, out of an abundance of caution, despite the fact that the evidence shows that the 501(c)(4) payments here were not campaign contributions. Householder does not have a First Amendment right to receive unlimited and non-disclosed contributions through his misuse of a 501(c)(4)—*i.e.*, a 501(c)(4) that he controls for his personal benefit and contrary to the law.

> Thus, although the explicit quid pro quo standard arguably does not apply here, the defendants are nevertheless receiving the benefit of this instruction. Under the facts here, they are certainly not entitled to any additional First Amendment instruction on this point.

- o The instruction omits definitions of public official, material misrepresentation or concealment, wire communication, and interstate commerce. (*See* Doc. 175 at 4147, 4151.) It also omits any description of what honest services means. (*Id*. at 4147.)

Defendants' Proposed Instruction No. 21 (Second Racketeering Act: Private Honest Services Fraud)

- The United States objects to Proposed Instruction No. 21 and requests that the Court use United States' Proposed Instruction No. 8E (Doc. 175 at 4156-59) for the following reasons:

    - o The instruction misstates the law and does not follow Sixth Circuit Pattern Instruction 10.02 as to both the first and fourth elements:

        - First Element

            - The mens rea for private sector honest services fraud is knowingly, not "voluntarily and intentionally." Sixth Circuit Pattern Instruction 10.02

            - The instruction inaccurately states that the defendant must have devised a scheme, but a defendant is also guilty if he knowingly participated in such a scheme. Sixth Circuit Pattern Instruction 10.02.

        - Fourth Element

            - The law requires the use of an interstate facility to be in furtherance of the scheme, not in furtherance of some essential step. Sixth Circuit Pattern Instruction 10.02. The Sixth Circuit Pattern Instruction does not require identifying the specific wire facility.

    - o The definition of scheme to defraud again misstates the mens rea and inaccurately says that good faith is a complete defense to the crime. (See Doc. 177 at 4328-30; Doc. 180 at 4352; *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202.)

    - o The instruction states that "it is not sufficient that a payment from the defendant to the employee created an undisclosed conflict of interest or constituted undisclosed self-dealing by the employee." This language is confusing and should be stricken because the government is proceeding under a bribery theory, not a conflict-of-

7

interest theory. *See Skilling v. United States*, 561 U.S. 358, 410 (2010) (holding that conflict-of-interest prosecutions are excluded from § 1346).

- o The instruction incorrectly imposes an "official act" requirement. (Doc. 174 at 464.) There is no such requirement for private sector honest services fraud and this paragraph has no basis in law. (*See* Doc. 113 at 2595-96.)

- o The instruction wrongly implies that breach of a fiduciary duty must include the disclosure of trade secrets or the disclosure of confidential business information. That is not the law. (Doc. 113 at 2597.) The law requires the actual or intended breach of an employee's fiduciary duty—there is no requirement that this breach involve disclosure of trade secrets or confidential information. (*Id.*) Because the government is not alleging that the breach of fiduciary duty here involved disclosure of trade secret information or confidential information, this instruction would be particularly misleading.

- o The instruction defines trade secrets and confidential business information. For the reasons explained above, those concepts are not relevant here. Including these definitions would serve no purpose other than to confuse the jury.

- o The instruction omits definitions of thing of value, wire communication, and interstate commerce. (Doc. 175 at 4147, 4151.) It also omits any description of what honest services means in the private sector context. (*Id.* at 4156-57.)

<u>Defendants' Proposed Instruction No. 22 (Third Racketeering Act: Extortion Under Color of Official Right)</u>

- The United States objects to Proposed Instruction No. 22 and requests that the Court use United States' Proposed Instruction No. 8B (Doc. 175 at 4152-54) for the following reasons:

    - o The proposed instruction misstates the law as to elements two, three, and four.

        - Second Element

            - The instruction does not follow Sixth Circuit Pattern Instruction 17.02 and impermissibly narrows the conduct covered. The instruction should state: the defendant obtained, *accepted, agreed to accept, or received property*. (Doc. 175 at 4152 (emphasis added); *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202 at 3226.)

        - Third Element

            - The instruction impermissibly narrows the conduct covered by excluding "accepted, agreed to accept, or received" as detailed above.

8

- The instruction does not require specific official action, as set forth in *United States v. Evans*, 504 U.S. 255, 268 (1992).

- The instruction fails to state that agreeing to take specific official action suffices. (*Id*.; Doc. 175 at 4152; *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), Doc. #202 at 3227.)

- <u>Fourth Element</u>

  - The instruction does not follow Sixth Circuit Pattern Instruction 17.02, which provides that "interstate commerce was, *or would have been*, affected . . . ."

o The instruction does not define bribe—*i.e.*, require an explicit quid pro quo—consistent with public honest services wire fraud. The government's proposed instruction does so. (Doc. 175 at 4152-53.)

o The instruction excludes the non-defenses to bribery as Proposed Instruction No. 20 did with respect to Public Official Honest Services Fraud. These non-defenses are set forth in Sixth Circuit Pattern 17.02.

o The definition of official act is incomplete and omits additional clarifying information, as explained in the government's objections to Proposed Instruction No. 20.

o The instruction omits the following paragraph from Sixth Circuit Pattern Instruction 17.02 regarding the meaning of conduct affecting interstate commerce: "This includes obtaining money that belonged to a business which customarily purchased goods from outside the State of Ohio, or that engaged in business outside the State of Ohio if defendant's conduct made that money unavailable to the business entity for the purchase of such goods or the conducting of such business. It is not necessary for you to find that there was an actual effect on interstate commerce."

<u>Defendants' Proposed Instruction No. 23 (Fourth Racketeering Act: Travel in Aid of Racketeering)</u>

- The United States objects to Proposed Instruction No. 23 and requests that the Court use United States' Proposed Instruction No. 8D (Doc. 175 at 4155-56) for the following reasons:

  o The introductory language to this predicate is inconsistent with the language of the other predicates and is not an accurate statement of law. It says: "The indictment accuses the defendants [or state particular defendant] committed Travel in Aid of Racketeering. In order to find [name] committed this act of racketeering activity, you must find beyond a reasonable doubt the following elements."

- - - The jury does not need to find that a defendant committed a particular racketeering act. Nor does the indictment accuse the defendants of committing particular predicate racketeering acts.

  - The Eleventh Circuit Pattern Instruction cited only covers interstate travel. It does not cover use of a facility in interstate commerce. That pattern is thus inapt here, where the government alleges that a conspirator used a facility in interstate commerce with the intent to promote, manage, establish, or carry on unlawful activity. The Seventh Circuit Pattern should be followed. (Doc. 175 at 4155-56 (citing Seventh Circuit Pattern § 1952).)

  - The instruction misstates the law as to the second and third elements:

    - Second Element
      - The instruction impermissibly narrows the conduct covered by the statute by requiring the defendant to travel with the specific intent to promote, manage, establish, or carry on unlawful activity. The statute also criminalizes using a facility in interstate commerce with the intent to promote, manage, establish, or carry on unlawful activity.

    - Third Element
      - The instruction wrongly states that the defendant must have knowingly committed an act in performing or attempting to perform the unlawful activity "while traveling."

  - The proposed definition of "interstate commerce" is unnecessary. The government is relying on the use of a facility in interstate commerce.

  - The proposed definition of "facility in interstate commerce" is incorrect. A facility in interstate commerce does not require "the facility [to] cross state lines." (Doc. 174 at 4070.) *See United States v. Weathers*, 169 F.3d 336, 342–43 (6th Cir. 1999); *United States v. Eisner*, 533 F.2d 987, 992 (6th Cir. 1976).

  - The instruction misstates the law when it says that "the government must prove [beyond] a reasonable doubt that the defendant was . . . aware that the facility in fact crossed state lines."

    - Defendants cite *United States v. Alsobrook*, 620 F.2d 139, 143-44 (6th Cir. 1980), for the proposition that knowledge of interstate travel or use of a facility in interstate commerce is required. The Sixth Circuit has since "acknowledged several times that this rule is likely untenable in light of the Supreme Court's decision in *United States v. Yermian*, 468 U.S. 63 (1984)." *United States v. Tragas*, 727 F.3d 610, 618 n.1 (6th Cir. 2013). *Yermian* held that a criminal defendant need not have knowledge of a jurisdictional fact to support liability under a federal statute. *Yermian*, 468 U.S. at 68–69; *see Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191, 2196 (2019)

10

> ("Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter.").
>
> The defendants cite no authority for their position that the Travel Act requires knowledge that a wire or banking transfer using a facility in interstate commerce in fact crossed state lines. In fact, this is inconsistent with the Sixth Circuit's application of the Travel Act. *United States v. Weathers*, 169 F.3d 336, 342–43 (6th Cir. 1999).
>
> - To the extent that the Court imposes a knowledge requirement, such a requirement would require a conspirator to knowingly use a facility in interstate commerce.

Defendants' Proposed Instruction No. 24 (Fifth Racketeering Act: Money Laundering)

- The United States objects to Proposed Instruction No. 24 and requests that the Court use United States' Proposed Instruction No. 8F (Doc. 175 at 4159-60) for the following reasons:

    o The instruction's fourth element omits alternative language, specifically "nature, location, and ownership."

    o The definition of financial transaction is unnecessarily long and confusing because the government is only relying on one part of the definition. (Doc. 175 at 4159 (defining financial transaction to include "a transaction that affects interstate or foreign commerce involving the movement of funds by wire or other means").

    o The definition of proceeds should include "any property derived from, obtained, or retained . . . ." The proposed instruction omits "obtained, or retained."

    o The instruction should define specified unlawful activity and instruct that the offenses are all felonies. (Doc. 175 at 4159.)

Defendants' Proposed Instruction No. 25 (Sixth Racketeering Act: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

- The United States objects to Proposed Instruction No. 25 and requests that the Court use United States' Proposed Instruction No. 8G (Doc. 175 at 4160-61) for the following reasons:

    o By instructing that "you should apply those definitions here," the instruction could be read to mean that the defendant must be convicted of the specified unlawful activity beyond a reasonable doubt. But that is not the law. The Court should add an instruction that says: "A defendant may be convicted of [engaging in monetary transactions in property derived from specified unlawful activity] even if he is not a party to, much less convicted of, the specified unlawful activity." *E.g., United*

11

*States v. Smith*, 46 F.3d 1223, 1234 (1st Cir. 1995) ("There is no requirement that the defendant must have committed the crime … from which the property was derived." (internal quotation marks omitted)). An identical instruction should be given for concealment money laundering.

<u>Defendants' Proposed Instruction No. 26 (Seventh Racketeering Act: Bribery Under Ohio Law)</u>

- The United States objects to Proposed Instruction No. 26 and requests that the Court use United States' Proposed Instruction No. 8C (Doc. 175 at 4154-55) for the following reasons:

    o The proposed instruction does not follow the Ohio pattern jury instructions and misstates the law:

        ▪ There is no requirement that the jury find the offense was committed on a certain date. As the Court has recognized, there is not requirement that the bribery happened at all in a RICO conspiracy charge. (Doc. 172 at 4014.)

        ▪ The instruction omits "any valuable thing," as set forth in the Ohio pattern instruction.

        ▪ The instruction omits "or improperly influence," as set forth in the Ohio pattern instruction.

        ▪ The instruction omits "to taint; to affect," from the definition of "corrupt," as set forth in the Ohio pattern instruction.

        ▪ The proposed definition of contribution is narrower than that provided by Ohio law. "Valuable thing or valuable benefit" should be defined to include a contribution to a 501(c)(4) organization, as the instruction does later. (Doc. 174 at 4078.)

        ▪ The instruction imposes explicit quid pro quo and official act requirements on the Ohio bribery statute. A quid pro quo element should not be engrafted onto state bribery statutes under federal RICO. *See United States v. Campbell*, 2005 WL 6436620, *7 (N.D. Ga Oct. 25, 2005) ("*McCormick* did not purport to create a rule of universal application to the meaning of state law bribery under RICO—the Court in *McCormick* was construing a particular federal statute.") (citing cases); *United States v. Allen*, 10 F.3d 405, 411 (7th Cir.1993) ("*McCormick* interpreted a federal statute; it created a rule for interpreting federal statutes, not a universal rule of statutory construction. It is the job of Indiana's courts to interpret Indiana's bribery statute, and we are bound by the Indiana courts' construction."); *United States v. Porter*, 886 F.3d 562, 565-56 (6th Cir. 2018) (*McDonnell* limited interpretation of the term "official act" as it appears in 18 U.S.C. § 201 and does not apply to federal-program bribery); *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013) (Ohio bribery statute has similar language to federal-program bribery).

12

Defendants' Proposed Instruction No. 27 (Not Here to Decide or Opine on Policy)

- The United States objects to Proposed Instruction No. 27 and requests that it be struck for the following reasons:

    o By drawing jurors' attention to the issues, this instruction will have the opposite effect.

Defendants' Proposed Instruction No. 28 (Campaign Contributions as Bribes/Defendants Not Charged with Campaign Finance Law Violations)

- The United States objects to Proposed Instruction No. 28 and requests that it be struck for the following reasons:

    o The language about campaign contributions (Doc. 174 at 4061), which comes from *United States v. Sittenfeld*, No. 1:20-cr-142 (S.D. Ohio July 6, 2022), does not apply to this case

        ▪ In *Sittenfeld*, the bribe payments were made to the defendant's PAC in the form of campaign contributions.

        ▪ In this case, in contrast, the bribe payments were made to a 501(c)(4)—a social welfare organization that cannot receive campaign contributions controlled by a candidate for his personal benefit. The government's proposed instructions included the heightened "explicit" quid pro quo standard set forth in *McCormick/Evans* for campaign contribution bribery cases, out of an abundance of caution, despite the fact that the evidence shows that the 501(c)(4) payments here were not campaign contributions. Householder does not have a First Amendment right to receive unlimited and non-disclosed contributions through his misuse of a 501(c)(4)—i.e., a 501(c)(4) that he controls for his personal benefit and contrary to the law. Thus, although the explicit quid pro quo standard arguably does not apply here, the defendants are nevertheless receiving the benefit of this instruction. Under the facts here, they are certainly not entitled to any additional First Amendment instruction on this point.

    o The first paragraph of the instruction wrongly states that campaign contributions to a 501(c)(4) organization with which a public official is associated are protected by the First Amendment unless they are bribe payments. Rather, contributions to 501(c)(4)s are contrary to the law where they are made to a 501(c)(4) controlled by and for the personal benefit of a candidate for office, particularly given the lack of disclosure and transparency in 501(c)(4) contributions, both of which are key features of legal campaign contributions.

    o The instruction wrongly states that candidates for office "may solicit and accept contributions, including contributions to the 501(c)(4) in this case." That is incorrect for the reasons explained above.

Defendants' Proposed Instruction No. 49 (Unanimity Required)

- The United States objects to Proposed Instruction No. 49 and requests that the Court use the unanimity instruction proposed by the government (Doc. 175 at 4161) for the following reasons:

    o The instruction misstates the law in multiple ways, is not supported by the authorities cited, and is inconsistent with the defendants' prior unanimity instruction.

Defendants' Proposed Verdict Form

- The United States objects to the Proposed Verdict Form for the following reasons:

    o The verdict form misstates the law by instructing that a defendant must have agreed that he or another conspirator "would intentionally commit" a type of predicate act. The mens rea for the agreement is knowingly.

    o The verdict form is misleading and will likely confuse the jury. It only has one blank for each type of racketeering act, incorrectly suggesting that the jury must find at least two different types of racketeering acts to convict. Rather, the defendants could have conspired with others to commit a pattern of racketeering activity involving a single predicate.

    o Given the correct unanimity instruction proposed by the government, and the fact that jurors are presumed to follow the Court's instructions, a special verdict form is unnecessary. *See United States v. Blackwell*, 459 F.3d 739, 766–67 (6th Cir. 2006) (noting the "general rule against special verdicts in criminal cases," and holding that the district court's refusal to grant the defendant's request for a special-verdict form was not an abuse of discretion); *United States v. Wilson*, 629 F.2d 439, 444 (6th Cir. 1980) ("[i]n general, special verdicts are not favored and may in fact be more productive of confusion than of clarity") (quotation marks and citation omitted); *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996) (district court acted within its discretion in denying defendants' request for special verdict form in RICO conspiracy prosecution).

14

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objections to Defendant's Proposed Jury Instructions was served this 25th day of January 2023, electronically upon all counsel of record.

                                                   s/Matthew C. Singer
                                                   MATTHEW C. SINGER (IL 6297632)
                                                   Assistant United States Attorney