# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANTS LARRY** |
| | ) | **HOUSEHOLDER'S AND MATTHEW** |
| LARRY HOUSEHOLDER and | ) | **BORGES'S OBJECTIONS TO THE** |
| MATTHEW BORGES, | ) | **GOVERNMENT'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| Defendants. | ) | |

Defendants Larry Householder and Matthew Borges submit their objections to the

Government's proposed jury instructions (Doc. 175) pursuant to the Court's Final Pretrial Order.

(Doc. 180.)

Dated: January 25, 2023                              Respectfully submitted,

*/s/ Todd A. Long*                                    */s/ Steven L. Bradley*
Karl H. Schneider (0012881)                          Steven L. Bradley (0046622)
Todd A. Long (0082296)                               Mark B. Marein (0008118)
MCNEES WALLACE & NURICK LLC                          MAREIN & BRADLEY
21 East State Street, Suite 1700                     526 Superior Avenue, Suite 222
Columbus, Ohio 43215                                 Cleveland, Ohio 44114
Telephone: (614) 719-2843                            Phone: (216) 781-0722
Facsimile: (614) 469-4653                            Email: steve@mareinandbradley.com
kschneider@mcneeslaw.com                                    mark@mareinandbradley.com
tlong@mcneeslaw.com

*Counsel for Defendant Matthew Borges*               */s/ Nicholas R. Oleski*
                                                     Robert T. Glickman (0059579)
                                                     Nicholas R. Oleski (0095808)
                                                     MCCARTHY, LEBIT, CRYSTAL
                                                       & LIFFMAN CO., LPA
                                                     1111 Superior Avenue East, Suite 2700
                                                     Cleveland, Ohio 44114
                                                     Phone: (216) 696-1422
                                                     Email: rtg@mccarthylebit.com
                                                            nro@mccarthylebit.com

                                                     *Counsel for Defendant Larry Householder*

**OBJECTION #1—Government's Proposed Instruction No. 2 (Government Investigative Techniques)**

The Government proposes that the Court give its imprimatur to the evidence the Government obtained from its "use of undercover agents, informants, and deceptive investigative techniques." (Doc. 175 at PageID 4123). Defendants object.

The Government's proposed instruction is derived not from the Sixth Circuit's pattern instructions, but from the Seventh Circuit's. *See* Pattern Crim. Jury Instruction 7th Cir. 3.19. But even in the Seventh Circuit, "this instruction need not and should not be given as a matter of course in every case involving undercover or deceptive investigative techniques. Rather, it is intended for use only in the **rare** case in which questioning or argument, or a statement during jury selection, or some other circumstance arising or existing during trial suggests the impropriety of such techniques." *Id.* at committee comment (emphasis added). Defendants do not understand why it would be appropriate for the Court to "singl[e] out this aspect of the case [because it] might be interpreted by the jurors as at least indirect approval of the effectiveness of the Government's management of the investigation." *United States v. McKnight*, 665 F.3d 786, 794 (7th Cir. 2011). Further, it might undercut "appropriate argument that a witness's deceptive act may be considered in assessing the witness's credibility, *see, e.g.*, Fed. R. Evid. 608(b)," and it might "conflict with other instructions, such as those that advise the jury to consider all of the surrounding circumstances (which may include deception) in assessing a defendant's confession or identification testimony." Pattern Crim. Jury Instruction 7th Cir. 3.19, committee commentary. This instruction is not appropriate in the Sixth Circuit, and the Court should not give it.

**OBJECTION #2—Government's Proposed Instruction No. 3 (The Indictment and the Statute)**

The Government proposes that the Court not only read portions of the Indictment to the jury, but that it include those portions of the Indictment in the written jury instructions. (Doc. 175, at PageID 4124-37.) Defendants object.

Although the Court has discretion to read the Indictment to the jury, *see United States v. Smith*, 419 F.3d 521, 530 (6th Cir. 2005), the Court should not do so here.[1] The Government's Indictment here—and the summary that it proposes be read by the Court to the jury—is a speaking Indictment, *i.e.,* it recites the Government's theory of proof, not just the essential elements of the offense. *See United States v. Edmond,* 924 F.2d 261, 269 (D.C. Cir. 1991) (noting that "Indictments do not recite the government's theory of proof, … Despite the all too common use of 'speaking' indictments, the function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them."). Reading this speaking Indictment—or including substantial portions thereof, as proposed by the Government, in the written jury instructions—is unfairly prejudicial to the Defendants. *See United States v. Roy*, 473 F.3d 1232, 1237 n.2 (D.C. Cir. 2007) (submitting the indictment to the jury "often carries significant risks and has few corresponding benefits"); *United States v. Esso*, 684 F.3d 347, 351 n.5 (2d Cir. 2012) (stating that courts might not give the indictment to the jury where, as here, the indictment "contains a running narrative of the government's version of the facts of the case, including detailed allegations of facts not

---

[1] The Court denied as moot Householder's motion to strike certain prejudicial surplusage in the Indictment because the Court's "practice" is "not [to] provide jurors with a copy of the Indictment in any criminal case." (Doc. 179 at PageID 4348). The Government's proposal—that the Court read pages and pages from the Indictment and then provide that to the jury in written jury instructions—is an end run around this Court's practice.

necessary for the jury to find in order to address the elements of the charged offenses"). In essence, it gives the Government the advantage of having its theory of the case highlighted for the jury **by the Court**. Worse, it proposes to do so in written jury instructions. That unfair prejudice cannot be cured by a limiting instruction.

Even if the Court does read to the jury the summary of the Indictment proposed by the Government, it must make modifications to the summary. The Government's proposed charge lists as defendants Householder, Borges, Jeffrey Longstreth, Neil Clark, Juan Cespedes, and Generation Now—even though Householder and Borges are the only ones on trial here. (Doc. 175 at PageID 4124). That Longstreth, Clark,[2] Cespedes, and Generation Now were also charged in this case is irrelevant and will "only cause confusion" to the jury. *United States v. Maselli*, 534 F.2d 1197, 1202 (6th Cir. 1976) ("In a case such as this where several defendants named in the indictment are not on trial and the parties change during the course of the trial it can only cause confusion to present the jury with the original indictment."); *see also United States v. McGuire*, 744 F.2d 1197, 1206 (6th Cir. 1984) (noting that the district court deleted references in an indictment to a dismissed defendant). For these reasons, the Court should not inform the jury that any other defendants—other than Householder and Borges—were charged in this case.

What's more, the Government's proposed charge calls HB 6 a "bailout." (*See* Doc. 175 at PageID 4126) (alleging that Cespedes was "central … to get the **bailout** legislation passed in Ohio") (emphasis added); (*id.* at PageID 4129) ("**[FirstEnergy's] Bail Out**") (emphasis in original). The Court, however, has informed the parties that "it does not find the merits of HB 6

---

[2] Even if the Court tells the jury that Longstreth, Cespedes, and Generation Now were charged in this case, it should not tell the jury that Clark was charged too. Because the parties agree that Clark's death is irrelevant and should not be mentioned to the jury (*see* Doc. 180 at PageID 4353), it would only confuse the jury to tell the jury that Clark was charged too. It might wonder why it is hearing from the others charged—but not Clark.

4

relevant to the case, nor does the Court intend to allow either side to present evidence or argue in favor of or against HB 6." (Doc. 180 at PageID 4353). Although the Defendants respectfully disagree with that ruling—the merits of HB 6 or at least Defendant Householder's beliefs about its merits *is* relevant (*see* Doc. 178 at PageID 4342-45)—the Court's ruling must apply to both parties. If the merits of HB 6 are truly irrelevant, then the government should not be permitted to argue to the jury that HB 6 was a bailout or that it was detrimental to the state of Ohio. And it certainly should not be permitted to prejudice the jury about the merits of the legislation—that it's allegedly a bailout—through the Court's instructions of law.

**OBJECTION #3—Government's Proposed Instruction No. 4 (RICO Conspiracy: Elements of the Offense)**

The Government proposes defining RICO Conspiracy as requiring four essential elements. (Doc. 175 at PageID 4138.) Defendants object.

While the Government's proposed instruction tracks the language of 18 U.S.C. § 1962(c) and (d), it fails to adequately illustrate that other elements—including mens rea—are required. This is problematic because "Section 1962(d) is a conspiracy offense, which as *Salinas* reminds us, criminalizes an *agreement* rather than any substantive criminal offense." *United States v. Rich,* 14 F.4th 489, 493 (6th Cir. 2021).

Defendants' proposed jury instruction (doc. 174 at PageID 4048) more clearly illustrates the essential elements that the Government must prove beyond a reasonable doubt, including that the defendant "knowingly" joined in the conspiracy and did so with the "specific intent" that a substantive crime, here a violation of section 1962(c), would be committed. *See Salinas v. United States,* 522 U.S. 52, 63 (1997) ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense"); *Ocasio v. United States,* 136 S. Ct. 1423, 1429—30 (2016) (elucidating *Salinas* and explaining that "each

5

conspirator must have specifically intended that *some conspirator* commit each element of the substantive offense.")

**OBJECTION #4—Government's Proposed Instruction No. 5 (RICO Conspiracy: First Element)**

The Government's proposed definition of "enterprise," doc. 175 at PageID 4139, is generally a correct statement of law within the Sixth Circuit. *See United States v. Qaoud,* 777 F.2d 1105, 1115—16 (6th Cir. 1985). However, Defendant's object to preserve the issue of whether the jury should also be instructed that the government must also prove that the association had a structure distinct from that necessary to conduct the pattern of racketeering activity. *See United States v. Turkette,* 452 U.S. 476, 483 (1981) (explaining that an "enterprise" "is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved by the Government."); *United States v. Leisure,* 844 F.2d 1347, 1363 (8th Cir. 1988); Eighth Circuit Pattern Criminal Jury Instructions, Section 6.18.1962D.

**OBJECTION #5—Government's Proposed Instruction No. 8 (RICO Conspiracy: Fourth Element)**

Defendants object to the Government's proposed explanation of "Conspiracy to Violate § 1962(d)." (Doc. 175 at PageID 4143-44.) Overall, the Government's proposed instruction lacks clarity, fails to delineate elements, and fails to include key explanations, such as what an "agreement" is (*see* Sixth Circuit Pattern Criminal Jury Instructions, 2021 Edition, Section 3.02; Eighth Circuit Pattern Criminal Jury Instructions, 6.18.1962B; Doc. 174 at PageID 4054), and what is insufficient to prove a defendant's connection to the alleged conspiracy. *See* Sixth Circuit Pattern Criminal Jury Instructions, 2021 Edition, Section 3.03 ("But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the

group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.").

Defendant's also object to the Government's proposed explanation of "Pattern of Racketeering Activity." (Doc. 175 at PageID 4144—45.) This proposed explanation, even if accurate in its constituent parts, is unnecessarily confusing because it fails to clearly set forth the three essential elements of a pattern of racketeering activity. *See* Eighth Circuit Pattern Criminal Jury Instructions, 6.18.1962F.

**OBJECTION #6—Government's Proposed Instruction No. 8A (Public Official Honest Services Wire Fraud)**

Defendants object to the Government's proposed public official honest services wire fraud instruction. (Doc. 175 at PageID 4146-52).

To begin, Defendants object to the government including in the elements of the offense that the "government alleges that the material misrepresentation or concealment consisted of a failure to disclose the bribery scheme." (*Id.* at PageID 4146). The Sixth Circuit's pattern wire fraud instruction does not recommend that the Court instruct on the alleged misrepresentation. *See* Pattern Crim. Jury Instr. 6th Cir. 10.02.

Next, the government's proposed instruction does not adequately convey that honest services wire fraud requires an ***agreement*** between the payor and the public official. "What is needed is an agreement, full stop, which can be formal or informal, written or oral." *United States v. Terry*, 707 F.3d 607, 613 (6th Cir. 2013). But the government's proposed instruction does not convey this requirement. Defendants' proposed instruction does. (Doc. 174 at PageID at

7

4059) ("The essential element of a bribe is therefore the *agreement* between a public official and a payor to *exchange* official acts for benefits to the official.").

The Court should not tell the jury why an explicit *quid pro quo* agreement need not be stated expressly. The government proposes that the Court instruct the jury that the "public official and the payor need not state the *quid pro quo* in express terms, ***for otherwise the law's effect could be frustrated by knowing winks and nods***." (Doc. 175 at PageID 4148) (emphasis added). This formulation comes from Justice Kennedy's concurrence in *Evans v. United States*: "The official and the payor need not state the *quid pro quo* in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods." 504 U.S. 255, 274 (1992) (Kennedy, J., concurring). But *Evans* is not a campaign contribution case—like this one. As a result, it is not applicable here.

In any event, the jury does not need to understand why the *quid pro quo* need not be stated expressly (assuming this is required). It is enough to simply tell the jury that the agreement need not be stated expressly.

The Court should not instruct the jury that the government may prove the explicit *quid pro quo* agreement through circumstantial evidence for two reasons. (Doc. 175 at PageId 4148).

*First*, the Supreme Court's caselaw says the government may not prove explicit *quid pro quo*s through circumstantial evidence. *See McCormick v. United States*, 500 U.S. 257, 273 (1991); *United States v. Benjamin*, No. 21-CR-706 (JPO), 2022 WL 17417038, at *12 (S.D.N.Y. Dec. 5, 2022) ("The Court concludes that, for criminal liability for bribery in the context of campaign contributions, there must be a quid pro quo that is clear and unambiguous, meaning that (1) the link between the official act and the payment or benefit — the pro — must be shown by something more than mere implication, and (2) there must be a contemporaneous mutual

understanding that a specific quid and a specific quo are conditioned upon each other."). True, this Court rejected the *Benjamin* court's reasoning when it denied Householder's motion to dismiss. *United States v. Householder*, No. 1:20-CR-77, 2023 WL 24090, at *4 n.4 (S.D. Ohio Jan. 3, 2023). But the Court should reconsider that reasoning.

*Second*, it would be redundant to tell the jury that it may rely on circumstantial evidence to find evidence of the explicit *quid pro quo*. The Court will have already given the jury the pattern Sixth Circuit instruction that informs them that the "law makes no distinction between the weight that you should give to either [direct or circumstantial evidence], or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves." Pattern Crim. Jury Instr. 6th Cir. 1.06. "A trial judge is not obligated to repeat adequate instructions." *In re Ford*, 987 F.2d 334, 340 (6th Cir. 1992) (quoting *United States v. MacQueen*, 596 F.2d 76, 82 (2d Cir. 1979)); *accord Kloepfer v. Honda Motor Co*., 898 F.2d 1452, 1454-55 (10th Cir. 1990); *Thezan v. Mar. Overseas Corp.*, 708 F.2d 175, 182 (5th Cir. 1983). The Court does not need to tell the jury twice that it can rely on circumstantial evidence. If anything, telling the jury that it may find evidence of an agreement with circumstantial evidence but not instruct it anywhere else on circumstantial evidence (other than the general pattern instruction) would give undue weight to circumstantial evidence here.

The government's instruction also does not convey to the jury what is not a bribery. "A donor who gives money in the hope of unspecified future assistance does not agree to exchange payments for actions. No bribe thus occurs if the elected official later does something that benefits the donor." *Terry*, 707 F.3d at 613. The Court should instruct the jury on what is not a bribe. (*See* Doc. 174 at 4059-60) ("If you find that benefits were provided to Mr. Householder

solely to cultivate goodwill or to nurture a relationship with him, and not in exchange for any specific official acts, then this element will not have been proven, even if Mr. Householder later performed some act that was beneficial to the payor. Likewise, if you find that any benefits that may have been to Mr. Householder were provided in the hope of unspecified future assistance from him, and not in exchange for any official acts, then this element will not have been proven, even if Mr. Householder later performed some act that was beneficial to the payor.").

In addition, the Government's proposed instruction does not include the Sixth Circuit's pattern good faith instruction. *See* Pattern Crim. Jury Instr. 6th Cir. 10.04. Intent to defraud is an element of this fraud offense. (*See, e.g.*, Gov't Proposed Jury Instrs. at 4146, 4156) (Doc. 175). Under the Sixth Circuit's caselaw, "good faith on the part of a defendant is inconsistent with an intent to defraud." *United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997). For this reason, Defendants proposed, as part of their jury instructions as to these racketeering acts, that the Court give—verbatim—the Sixth Circuit's pattern good faith instruction. *See* Pattern Crim. Jury Instr. 6th Cir. 10.04; (Defs.' Proposed Jury Instructions at 4058-59) (Doc. 174). Those pattern instructions explain that this good-faith instruction should be given "if there is any evidence at all to support the charge." *Id.*, use note (citing United States v. McGuire, 744 F.2d 1197, 1201 (6th Cir. 1984)). Defendants submit that there will be evidence to support a good-faith instruction. The Court should give one.

## OBJECTION #7—Government's Proposed Instruction No. 8B (Extortion Under Color of Official Right)

Defendants object to the Government's proposed Hobbs Act extortion instruction for two reasons.

*First*, the Supreme Court erred when it described Hobbs Act extortion under color of official right as "the 'rough equivalent of what we would now describe as 'taking a bribe.''"

*Ocasio v. United States*, 578 U.S. 282, 285 (2016) (quoting *Evans v. United States*, 504 U.S. 255, 260 (1992)). It is not. Extortion and bribery are, as multiple Justices have recognized, different. These Justices have explained that *Evans* was wrongly decided and have called for it to be reconsidered. *See id.* at 300-01 (Breyer, J., concurring); *id.* at 301 (Thomas, J., dissenting, joined by Sotomayor, J.) ("In my view, the Court started down the wrong path in *Evans v. United States*, 504 U.S. 255 (1992), which wrongly equated extortion with bribery."); *Silver v. United States*, 141 S. Ct. 656, 656-57 (2021) (Gorsuch, J., dissenting from denial of cert.) ("Normally, extortion and bribery are treated as distinct crimes. In *Evans v. United States*, 504 U.S. 255 (1992), however, this Court conflated them for purposes of the Hobbs Act when a public official is the defendant. Chief Justice Rehnquist and Justices Scalia, Thomas, and Breyer have all questioned that judgment. I would have granted this case to reconsider *Evans* in light of these thoughtful criticisms.") (citations omitted).

*Evans* is wrong as a matter of statutory interpretation. Had Congress intended for the extortion statute to proscribe bribery, it would have said so explicitly. *See McCormick*, 500 U.S. at 279–80 (Scalia, J., concurring) ("where the United States Code explicitly criminalizes conduct such as that alleged in the present case, it calls the crime bribery, not extortion"). It did not. And Evans contravened the common law too, which distinguished bribery from extortion. Dan K. Webb et al., *Limiting Public Corruption Under the Hobbs Act: Will* United States v. Evans *be the Next* McNally*?*, 67 Chi.-Kent L. Rev. 29, 45 (1991).

*Evans* should be reconsidered. But Defendants acknowledge that this Court cannot overrule a Supreme Court precedent. They thus raise this objection to preserve this issue for potential appellate review.

*Second*, the Hobbs Act instruction (assuming the Hobbs Act proscribes bribery in addition to extortion) should track the language of the public official honest services fraud predicate. Defendants thus incorporate their objections to that instruction here. *See Dimora v. United States*, 973 F.3d 496, 500 n.3 (6th Cir. 2020) ("The Supreme Court has construed Hobbs Act extortion and honest services fraud to require proof of bribery. Thus, courts commonly construe these statutes as requiring an 'official act' as defined in the federal bribery statute, 18 U.S.C. § 201—even though neither the Hobbs Act extortion nor honest services fraud statutes use that term.") (citations omitted).

**OBJECTION #8—Government's Proposed Instruction No. 8C (State Law Bribery)**

Defendants object to the Government's proposed state law bribery instruction. (Doc. 175 at PageID 4154-55).

Although the Government's instruction tracks the Ohio state jury instruction for this offense, the Government's instruction neglects to include any of the limiting principles the Supreme Court has required be set forth to avoid First Amendment issues and avoid criminalizing everyday political activity. The Supreme Court has strictly limited federal bribery law to "quid pro quo corruption—the exchange of a thing of value for an 'official act.'" *McDonnell v. United States*, 579 U.S. 550, 575 (2016) (emphasis added). The provision of benefits to an official to curry favor is thus lawful—both to give and receive—unless made in exchange for official action. For this reason, cases from the Supreme Court, *e.g.*, *United States v. Brewster*, 408 U.S. 501, 526 (1972), and the Sixth Circuit, *e.g.*, *United States v. Terry*, 707 F.3d 607, 614 (6th Cir. 2013), describe bribery as requiring an explicit "agreement" to undertake specific official action in exchange for a bribe. In the Sixth Circuit, "an agreement is the key component of a bribe." *Id.* To hold otherwise," the Supreme Court has explained, "would open to

12

prosecution not only conduct that has long been thought to be well within the law but also conduct that in a very real sense is unavoidable." *McCormick*, 500 U.S. at 272. Without an exchange requirement, bribery law would cast a "pall of potential prosecution" over all officials. *McDonnell*, 1579 U.S. at 575. It would be far too easy to allege that any benefit provided to an official by lobbyists or others was received by the official with improper intent.

The government's proposed instruction does not convey this agreement requirement—let alone the explicit agreement requirement for campaign contribution cases, like this one. Instead, the Government's instruction would permit the jury to convict if it finds that the public official simply solicited or accepted valuable benefits. Because the Government's proposed instruction does not include this explicit agreement requirement, Defendants object.

Nor does the Government's proposed instruction include the requirement that the quo in the quid pro quo be specific official action. Although Ohio Rev. Code § 2921.02 does not contain an official act requirement, "the Supreme Court in *McDonnell* rejected the argument that the honest services statute is unconstitutionally vague because the application of the bribery statute's official act requirement cured any vagueness concerns. Thus, an instruction that does not precisely define the type of conduct that can give rise to the offense could be problematic." Pattern Crim. Jury Instr. 11th Cir. O50.2 cmt. Absent an official act requirement—some limiting principle—the Ohio bribery offense would be unconstitutionally vague.

For these reasons, the Court should, in large part, give a similar instruction here to the public honest services fraud predicate.

**OBJECTION #9—Government's Proposed Instruction No. 8D (Travel Act Violation)**

Defendants object to the Government proposed Travel Act instruction, doc. 175 at PageID 4155—56.

13

*First*, the proposed instruction fails to accurately state the law in the Sixth Circuit—that there was in fact interstate travel or a use of a facility in interstate commerce that crosses state lines, and that the defendant must have known or reasonably should have known of that state lines were crossed. *See United States v. Barry,* 888 F.2d 1092, 1095—96 (6th Cir. 1989) (holding that the Travel Act's use of the "word 'in, on the other hand, does require a particular use of a facility—a use that crosses state lines."); *United States v. Alsobrook,* 620 F.2d 139, 143—44(6th Cir. 1980); *United States v. Windham,* 53 F.4th 1006, 1012—13 (6th Cir. 2022) (reaffirming distinction between statutes that "statutes that refer to instrumentalities *of* interstate commerce apply to intrastate activities" but statutes that refer to instrumentalities *in* interstate commerce do not.) In other words, the Government's proposed instruction would allow the jury to find the use *of* a "facility in interstate commerce" is sufficient, even if state lines were not in fact crossed.

*Second,* the proposed instruction includes, as a predicate "bribery," Ohio Revised Code § 3517.01(A)(2)—Ohio's Infiltration Statute.[3] However, bribery, in this context, is defined to be "the generic definition of bribery," described as "includ[ing] payments to private individuals to influence their actions." *Perrin v. United States,* 444 U.S. 37, 45-46 and 49 (1979). By its terms, the Infiltration Statute prohibits more than an intent to improperly influence or discharge actions, the heartland of generic bribery. *See Perrin,* 444 U.S. at 45 & n.9 and 10 (surveying state statutes, all requiring an intent to influence actions). It also prohibits an intent "to obtain information about the committee's campaign organization." O.R.C. § 3517.22(A)(2).[4]  Inclusion

---

[3] The proposed instruction mistakenly refers to Ohio Revised Code § 3517.01(B)(5), doc. 175 at PageID 4155, rather than Ohio Revised Code § 3517.22. (Doc. 22, Indictment, at PageID 1957.)

[4] Ohio's Bribery statute, O.R.C. § 2921.02, does not include this alternative language. Thus, the Infiltration Statute is broader than the generic definition of bribery, Ohio's general bribery statute, and the general federal bribery statute, *supra*.

of that alternative conduct makes the Infiltration Statute broader than the generic definition of

bribery.[5] For that reason alone, the Infiltration Statute is not a bribery offense for purposes of the

Travel Act. Defendants incorporate by reference Borges' previously filed Motion to Strike (doc.

104 at PageID 1749—52) and Reply (doc. 115 at PageID 3371—75) as if fully rewritten here.

*Third*, the Government includes bribery under Ohio Revised Code § 2921.02. However,

the Indictment did not include that state offense as a predicate. (Doc. 22 at PageID 1257.)

Instead, the Indictment only listed the Infiltration Statute as a basis for the Travel Act predicate.

(*Id.*). To instruct the jury that they can find a violation of the Travel Act based on the Infiltration

Statute and the bribery statute would impermissibly constructively amend the Indictment and

would be a prejudicial variance too.

## OBJECTION #10—Government's Proposed Instruction No. 8E (Private Honest Services Wire Fraud)

Defendants object to the Government's proposed instruction regarding Private Honest

Services Wire Fraud. (Doc. 175 at PageID 4156—59.) Defendants incorporate by reference

Borges' previously filed Motion to Strike (doc. 104 at PageID 1739—49) and Reply (doc. 115 at

PageID 3356—71) as if fully rewritten here.

*First*, application of § 1346 to this case is unconstitutionally vague. *See id.*

*Second*, the Government's proposed instruction fails to include the requirement that

something of value be offered in exchange for an "official act." *See Skilling v. United States,* 561

U.S. 358, 368, 407, 413 n.45 (2010); *United States v. Sun-Diamond Growers of Cal.*, 526 U.S.

---

[5] This is true applying either a categorical approach, *see e.g. Taylor v. United States,* 495 U.S. 575, 598-99 (1990), or a conduct-based approach, *see e.g. United States v. Rogers,* 389 F.Supp.3d 774 (CDCA 2019) (rejecting the categorical approach and finding that Perrin requires a conduct based analysis for purposes of the Travel Act). *See also Shular v. United States,* 140 S. Ct. 779 (2020) (discussing the two approaches and their applicability).

398, 404-05 (1999); *United States v. Nagin,* 810 F.3d 348, 351 (5th Cir. 2016); *United States v. Lee*, 919 F.3d 340, 350 (6th Cir. 2019), citing *McDonnell v. United States,* 579 U.S. 550 (2016); *Dimora v. United States*, 973 F.3d 496, 498, 500 n.3 (6th Cir. 2020); *United States v. Hawkins*, 777 F.3d 880, 882 (7th Cir. 2015) (explaining that, for purposes of § 1346, an agent's receipt of "a payment that does not entail a plan to change how the employee or agent does his job is neither a bribe nor a kickback.").

Indeed, the proposed instructions fails to identify or explain any limiting principles whatsoever. *See, e.g.,* Doc. 175 at PageID 4157 ("The actual or intended breach of the fiduciary duty must be by participation in a bribery scheme—which involves the actual, intended or solicited exchange of a thing of value in exchange for something else[.]); *id.* ("Thus, all that must be shown is that a thing of value was offered or provided to the employee with the intent of securing the employee's action that the defendant foresaw or reasonably should have foreseen might cause the employer to suffer economic harm in return.") What constitutes "something else"? The Government's proposed instruction provides no guidance. Defendants' proposed jury instructions do. *See* Doc. 174.

The Government's vague and limitless definitions can apply to nearly anything. For instance, if a wife called her husband and offered to buy him a vacation home in Florida, but he must quit his job immediately, then she has committed honest services wire fraud because she offered a thing of value in return for "something else"—quitting his job—and it was reasonably foreseeable that it "might cause the employer to suffer economic harm in return."

*Third*, the Government's proposed instruction encompasses the very categories that the Supreme Court rejected application of § 1346 to: "undisclosed self-dealing" and "conflict-of-interest cases." *Skilling*, 561 U.S. at 409-11. This is so because the Government fails to define

16

what conduct constitutes a breach of the fiduciary duty. And in the Sixth Circuit the fiduciary duty that is breached must emanate from federal law. *See United States v. Frost*, 125 F.3d 346, 366 (6th Cir. 1997) ("Federal law governs the existence of fiduciary duty under the mail fraud statute."). The government must identify the existence of some fiduciary duty that it contends was breached. It did not.

Fourth, the Government's proposed instruction is internally inconsistent and confusing. Although the Government—correctly—proposes that the defendant must have "foresaw or reasonably should have foreseen that the employer might suffer economic harm as a result of the scheme" (Doc. 175 at 4156), on the next page of its instructions it proposes that "[w]hen a defendant devises or participates in a bribery scheme involving an employee's breach of his fiduciary duty to his employer, such a scheme is intended to deprive the employer of its right to honest services. The employer is defrauded because it is not receiving what it expects and is entitled to, namely, the employee's honest services." (*Id.* at 4157). This fails to convey the requirement that the government "must prove that the employee intended to breach a fiduciary duty, ***and*** that the employee foresaw or reasonably should have foreseen that his employer might suffer an economic harm as a result of the breach." *United States v. Frost*, 125 F.3d 346, 368 (6th Cir. 1997) (emphasis added). "Proof that the employer simply suffered only the loss of the loyalty and fidelity of the defendant is insufficient to convict." *Id.* The Government's proposed instruction fails to convey the requirement that the defendant must foresee some economic harm to the employer.

And fifth, the Government's proposed instruction does not include a good faith instruction. For the reasons, we explained in the public official honest services wire fraud objection, the Court should give this Sixth Circuit pattern instruction.

17

**OBJECTION #11—Government's Proposed Instruction No. 8F (Money Laundering)**

Defendants object to the Government's proposed money laundering instruction. (Doc. 175 at PageID 4159.)

*First*, in the definition of "specified unlawful activity" the Government includes private honest services wire fraud and Travel Act violations. While those offenses are included in § 1956(c)(7), they will confuse the jury because there is no allegation that either of those alleged offenses resulted in "proceeds."

*Second,* Defendants object to the following proposed sentence: "The government need only establish that the defendant knew that the purpose of the transaction was to conceal or disguise the proceeds, not that the defendant had that intent." (Doc. 175 at PageID 4159.) This statement is confusing and misleading.

**OBJECTION #12—Government's Proposed Verdict Form**

Defendants object to the Government's proposed verdict form (Doc. 175 at PageID 4163) for two reasons.

*First*, the Government's proposed verdict form lists both Defendants on the same page of the verdict form. Defendants respectfully request that the Court issue separate verdict forms— one for each defendant—and that the jury sign both forms. The jury must consider each defendant separately and independently. For this reason, it should complete separate verdict forms for each defendant.

*Second*, the Government's proposed verdict form does not include a jury interrogatory requiring the jury to identify the type or types of racketeering activity the defendants agreed would be committed. The Court should issue such an interrogatory. *See* Jury Verdict, *United States v. Gurry*, No. 16-cr-10343 (D. Mass May 2, 2019), ECF No. 841 (court issued verdict

form in RICO conspiracy case that required the jury to identify the type or types of racketeering

activity the defendants agreed would be committed).

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on January 25, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven L. Bradley
Steven L. Bradley (0046622)