**UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S OPPOSITION TO** |
| LARRY HOUSEHOLDER, | ) | **TIM BURGA'S MOTION TO QUASH** |
| | ) | |
| Defendant. | ) | |

**I.     INTRODUCTION**

Defendant Larry Householder served a subpoena on Tim Burga, the president of the Ohio

AFL-CIO, which contributed $175,000 to Generation Now in April 2018 and received about

$1.4 million from Generation Now in 2019. Burga seeks to quash this subpoena because he

speculates that Householder seeks his testimony only to discuss the merits of House Bill 6. Not

so. Householder seeks to elicit testimony from Burga about why he authorized the AFL-CIO to

contribute money to Generation Now during the 2018 election cycle and about how the AFL-

CIO spent the money that Generation Now sent to it in 2019. This testimony is relevant and

admissible. The government has argued that Householder and the other defendants utilized

Generation Now to conceal the source of the funds received by Generation Now and to conceal

Householder's alignment with that entity. *See, e.g.*, Tr. 24-25 (Doc. 191, PageID#4535-36)

(government's opening statement arguing that a 501(c)(4) is "the perfect vehicle to receive secret

bribe payments" because there's "no paper trail connecting the 501(c)(4) to Larry

Householder"). Householder anticipates that Burga will testify that he understood in early 2018

that the AFL-CIO's contribution to Generation Now would be used to support "Team

1

{01825215-1}

Householder" candidates and that he understood that Householder was aligned with Generation Now—undercutting the government's concealment narrative.

Because Burga can offer relevant and admissible testimony, his motion to quash should be denied.

## II.    LEGAL STANDARD

A criminal defendant has a constitutional right to subpoena witnesses. U.S. Const. Amend. VI. The Federal Rules of Criminal Procedure recognize that right in Rule 17, which permits a defendant to issue subpoenas that "command the witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a). These rules do not explicitly authorize a court to quash a subpoena *ad testificandum*. To be sure, Rule 17(c)(2) allows a court to quash a subpoena *duces tecum*, but that rule "does not control subpoenas *ad testificandum*." *United States v. Black*, No. 16-CR-20032-JAR, 2018 U.S. Dist. LEXIS 5793, at *23 (D. Kan. Jan. 12, 2018). Furthermore, although some courts have quashed subpoenas *ad testificandum* when the witness's appearance would have required the disclosure of confidential records, *United States v. Oberle*, 136 F.3d 1414, 1420 (10th Cir. 1998), or if the witness could offer no evidence material or favorable to the defendant, *United States v. North*, 910 F.2d 843, 892 (D.C. Cir. 1990), such is not the case here.

## III.    ARGUMENT

Burga's appearance will not require the disclosure of confidential records and his testimony is material and favorable to Householder. Burga only contends that the subpoena should be quashed because Householder allegedly is seeking his testimony only as to the merits of HB 6. (Doc. 196 at PageID#4930-31). But that is not the case. Householder does not seek Burga's testimony to argue the merits of that piece of legislation. Instead, he seeks Burga's

2

testimony to explain why the AFL-CIO contributed money to Generation Now in April 2018 and how the AFL-CIO spent the money it received from Generation Now in 2019. That is relevant, material, and admissible.

Start with why the AFL-CIO contributed money to Generation Now. The government has argued that a principal purpose of the alleged enterprise was to "expand[] Householder's political power … through secret payments" that were concealed from the public. Tr. 39 (Doc. 191, PageID#4551). But, again, Householder expects that Burga would testify that he knew Householder was aligned with Generation Now and that the AFL-CIO's contribution to Generation Now was to support the "Team Householder" candidates in the 2018 election cycle. More to the point, the government has shown the jury FirstEnergy Corp.'s and FirstEnergy Solutions' contributions to Generation Now, which total almost $60 million. *See, e.g.*, Government Exhibit 15. Householder should be permitted to introduce evidence that other entities—including the AFL-CIO—contributed money to Generation Now. Between 2017 and 2018, of the about $4.6 million contributed to Generation Now, about $2.2 million was contributed by entities other than FirstEnergy and its subsidiaries. All of this evidence undercuts the government argument that a 501(c)(4) is "the perfect vehicle to receive secret bribe payments." Tr. 24-25 (Doc. 191, PageID#4535-36). And it demonstrates that the monies received by Generation Now were not bribe payments but were political contributions protected by the First Amendment.

Next, the government has exhaustively detailed during Agent Wetzel's direct examination how monies were spent during the 2018 election cycle. If that evidence is relevant and admissible, then so too is evidence of how Generation Now spent its money in 2019. As alluded to in Burga's motion, Generation Now sent about $1.4 million to the AFL-CIO, and

3

Householder should be entitled to explore why that was so and what the AFL-CIO did with that money.

Finally, Burga does not contend that any privilege, immunity, or other confidentiality provision would preclude his testimony.

Burga can offer relevant, material, and admissible testimony. The Court should deny his motion.

## IV.    CONCLUSION

Burga's motion to quash should be denied.

Dated: February 6, 2023                                Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email:  steve@mareinandbradley.com
                mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
                nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

4

{01825215-1}

5

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on February 6, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven L. Bradley
Steven L. Bradley (0046622)

{01825215-1}