# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:20-CR-77 |
| v. | JUDGE BLACK |
| LARRY HOUSEHOLDER, et al., | **GOVERNMENT RESPONSE TO DEFENDANT HOUSEHOLDER'S PROPOSED INSTRUCTION** |
| Defendants. | |

The United States respectfully submits this response to Defendant Larry Householder's Proposed Supplement Jury Instruction. (Doc. 226.)

Defendant Householder filed a request for a supplemental jury instruction this morning, essentially requesting a "missing witness" instruction for a witness the Defendant subpoenaed who invoked his Fifth Amendment right. Not only is the request contrary to law, the instruction itself is factually misleading and incorrect. For these reasons, the request should be denied.

To be entitled to a missing witness instruction, "a defendant must prove two things: first, that the absent witness was peculiarly within the government's power to produce; and second, that the testimony would have elucidated issues in the case and would not merely have been cumulative." *United States v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005); *accord United States v. Frost*, 914 F.2d 756, 765 (6th Cir. 1990). The Defendant cannot meet this burden.

The witness in question was not peculiarly within the government's power to produce at this trial. The government's ability to grant immunity does not make a witness who invokes the Fifth Amendment right not to testify peculiarly available to the government. Every Circuit to consider this question— whether a witness who relies upon his or her constitutional right not to testify is peculiarly within the

government's control—has held that the witness is not. *See United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011) ("Every circuit that has considered the question . . . has held that the government's ability to grant immunity does not make a witness who invokes the Fifth Amendment right not to testify particularly available to the government."); *see, e.g.*, *United States v. Prince*, 524 F. App'x 377, 379 (9th Cir. 2013); *United States v. Raphael*, 487 F. App'x 490, 500 (11th Cir. 2012); *United States v. Myerson*, 18 F.3d 153, 158–60 (2d Cir. 1994); *United States v. St. Michael's Credit Union*, 880 F.2d 579, 597–98 (1st Cir. 1989); *United States v. Flomenhoft*, 714 F.2d 708, 713–14 (7th Cir. 1983); *United States v. Simmons*, 663 F.2d 107, 108 (D.C.Cir.1979) (per curiam).

"[R]equiring a missing witness instruction each time the prosecution decides not to immunize a witness would constitute a substantial judicial encroachment upon prosecutorial discretion." *United States v. Foster*, 701 F.3d 1142, 1156 (7th Cir. 2012) (quoting *Flomenhoft*, 714 F.2d at 714). It would also conflict with Sixth Circuit precedent emphasizing the prosecution's considerable discretion in granting immunity and highlighting the district court's lack of authority to force the government's hand in such decisions. *See, e.g.*, *United States v. Talley*, 164 F.3d 989, 997 (6th Cir. 1999); *United States v. Mohney*, 949 F.2d 1397, 1401-03 (6th Cir. 1991).

A prosecutor's decision not to grant immunity "does not, categorically, give rise to an inference that the witness's testimony would be unfavorable to the government." *Myerson*, 18 F.3d at 159 (citation omitted). That is particularly true here. The witness in question was subpoenaed by the defense to testify about a meeting that occurred on October 10, 2018. During trial, another witness testified about facts from which a reasonable jury could conclude a bribery agreement occurred at the meeting. Rather than testify about October 10, 2018, the witness invoked his Fifth Amendment right against self-

1

incrimination. Under these circumstances here, the fair inference is that his testimony would have been unfavorable *to the Defendant*.[1]

    The Court should deny Defendant's requested instruction.

               Respectfully submitted,

                KENNETH L. PARKER
                United States Attorney


                *s/ Emily N. Glatfelter*
                EMILY N. GLATFELTER (0075576)
                MATTHEW C. SINGER (IL 6297632)
                MEGAN GAFFNEY PAINTER (NY 4849220)
                Assistant United States Attorneys
                221 East Fourth Street, Suite 400
                Cincinnati, Ohio 45202
                Office: (513) 684-3711
                Fax: (513) 684-6385
                Email: Emily.Glatfelter@usdoj.gov
                E-mail: Matthew.Singer@usdoj.gov
                E-mail: Megan.Painter@usdoj.gov

---

[1] Of course, the law forbids the Court from instructing the jury in a criminal case to draw an adverse inference from a person's invocation of their Fifth Amendment rights.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 3rd day of March 2023, which provides electronic notice to all parties.

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
