IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No.: 1:20-cr-077** |
| **Plaintiff,** | : | |
| v. | : | **Judge Timothy S. Black** |
| | : | |
| **MATTHEW BORGES,** | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT MATTHEW BORGES' MOTION FOR LEAVE TO FILE POST-TRIAL MOTIONS

Defendant, Matthew Borges ("Borges"), by and through undersigned counsel, hereby moves the Court, pursuant to Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure, to extend the time in which to file post-trial motions.

Borges raised constitutional challenges to the government's theory of private-sector honest services wire fraud before trial (*e.g.,* Doc. 104, Motion to Strike; Doc. 174, Defendants' Proposed Jury Instructions) and during trial (*e.g.,* during the March 6, 2023, charging conference). The Court disagreed and overruled Borges at each turn, including Borges' objections to the jury instructions. The jury returned a guilty verdict against Borges on March 9, 2023. Then the Supreme Court decided two cases—*Ciminelli v. United States*, 598 U.S. ___, 2023 WL 3356526 (May 11, 2023), and *Percoco v. United States*, 598 U.S. ___, 2023 WL 3356527 (May 11, 2023)—both of which stab directly at heart of the government's case against Borges, the private-sector honest services wire fraud predicate relating to T.F.

Borges now seeks leave to file post-trial motions based, primarily, on these Supreme Court decisions. Borges submits that his failure to file post-trial motions by April 24, 2023, s*ee* Notation

1

Order, March 24, 2023 (granting Borges' motion to extend time until April 24, 2023), is excusable under Rule 45(b)(1)(B) of the Federal rules of Criminal Procedure.

The Sixth Circuit has adopted the *Pioneer* factors in this context. *See United States v. Munoz,* 605 F.3d 359, 367-69 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1991)).

> The excusable neglect determination is an equitable one and we consider the following non-exhaustive list of factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." In balancing these factors, the reason for the delay is given the most weight.

*United States v. Elenniss*, 729 F. App'x 422, 425 (6th Cir. 2018) (internal citations omitted).

The reasons for Borges' 21-day delay are simple and determinative: (1) the Court had heard and overruled Borges' arguments about the contours (and constitutionality) of private-sector honest services wire fraud several times already; and, (2) the Supreme Court's decisions in *Ciminelli* and *Percoco*—both of which support Borges' arguments—were issued after the deadline expired. Re-raising issues already decided by this Court, prior to the Supreme Court's recent decisions, could have been viewed as vexatious or a waste of judicial resources.

Moreover, the government suffers no prejudice by this minor delay because even if Borges had re-raised these same issues by April 24 (without the benefit of *Ciminelli* and *Percoco*) the government would have had to deal with these decisions in its response.

Borges respectfully submits that his failure to file post-trial motions by April 24 is excusable and good cause supports an extension until May 29, 2023.

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion was electronically filed with the Clerk of the United States District Court using the CM/ECF system on May 15, 2023, which will send notification of such filing to all attorneys of record including Assistant United States Attorneys Emily Glatfelter and Matthew Singer.

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel