# JURY INSTRUCTIONS



U.S. District Judge Timothy S. Black

*United States v. Larry Householder & Matthew Borges*
Case No. 1:20-cr-77
Jury Trial – January 23, 2023

## Table of Contents

GENERAL RULES ..................................................................................................... 1

  Introduction ........................................................................................................... 1

  Jurors' Duties ......................................................................................................... 2

  Improper Considerations ....................................................................................... 3

  Presumption of Innocence, Burden of Proof, Reasonable Doubt ......................... 4

  Evidence Defined .................................................................................................. 5

  Consideration of Evidence .................................................................................... 6

  Stipulations ............................................................................................................ 7

  Direct and Circumstantial Evidence ..................................................................... 8

  Credibility of Witnesses ........................................................................................ 9

  Number of Witnesses .......................................................................................... 11

  Lawyers' Objections ............................................................................................ 12

DEFINING THE CRIME ......................................................................................... 13

  Introduction ......................................................................................................... 13

  Separate Consideration – Two Defendants Charged with a Single Crime ......... 14

  The Charged Offense .......................................................................................... 15

  Relevant Dates .................................................................................................... 16

  Inferring Requiring Mental State ........................................................................ 17

  Overview ............................................................................................................. 18

  RICO Conspiracy ................................................................................................ 19

    Allegations ...................................................................................................... 19

    Elements .......................................................................................................... 21

    First Element – Relevant Definitions & Instructions ..................................... 22

    Second Element – Relevant Definitions & Instructions ................................. 23

      Stipulations ................................................................................................ 23

    Third Element – Relevant Definitions & Instructions .................................... 25

    Fourth Element – Relevant Definitions & Instructions .................................. 26

      Conspiracy - Generally ............................................................................. 26

      Connection to the Conspiracy ................................................................... 27

Pattern of Racketeering Activity ....................................................... 28

Racketeering Activity ...................................................................... 29

Public Official Honest Services Wire Fraud ...................................... 30

Extortion Under Color of Official Right .......................................... 34

Private Honest Services Wire Fraud ............................................... 36

Bribery (in violation of state law) .................................................. 39

Travel Act .................................................................................... 40

Money Laundering ........................................................................ 41

Engaging in Monetary Transactions in Property Derived from Specified
Unlawful Activity .......................................................................... 43

Unanimity as to Element Four......................................................... 44

Venue ................................................................................................. 45

Additional Instructions ....................................................................... 46

DEFENSE................................................................................................. 47

Defense Position .................................................................................. 47

SPECIAL EVIDENTIARY MATTERS ...................................................... 48

Introduction ........................................................................................ 48

Defendants' Right Not to Testify or Present Evidence ........................... 49

Defendant's Testimony ........................................................................ 50

Testimony of Cooperating Co-Defendants ............................................ 51

Testimony of a Paid Informant ............................................................ 52

Impeachment by Prior Inconsistent Statement Not Under Oath .............. 53

Opinion Testimony............................................................................... 54

Witness Testifying to Both Facts and Opinions...................................... 55

Testimony Regarding the Law ............................................................... 56

Investigative Techniques....................................................................... 57

Materials Not Admitted in Evidence...................................................... 58

Evidence Summaries Admitted in Evidence ........................................... 59

Transcriptions of Recordings ............................................................... 60

Redactions .......................................................................................... 61

DELIBERATION AND VERDICT............................................................ 62

Introduction ........................................................................................ 62

Experiments, Research, Investigation and Outside Communications ........................... 63

Unanimous Verdict .................................................................................................... 64

Duty to Deliberate ..................................................................................................... 65

Punishment ................................................................................................................. 66

Verdict Form .............................................................................................................. 67

Verdict Limited to Charge Against These Defendants ................................................ 68

Juror Notes ................................................................................................................. 69

Court Has No Opinion ................................................................................................ 70

**GENERAL RULES**

## Introduction

1. Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

2. I will start by explaining your duties and the general rules that apply in every criminal case.

3. Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

4. Then I will explain the defendants' positions.

5. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

6. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

7. Please listen very carefully to everything I say.

**Jurors' Duties**

1. You have two main duties as jurors.  First, you must decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

2. Second, your duty is to take the law that I give you, apply it to the facts, and decide if the government has proved that either, both, or neither of the defendants are guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

3. The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

4. Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## Improper Considerations

1. Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

2. In reaching your decision as to whether the government sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the defendants.  All defendants are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

3. It would be equally improper for you to allow any personal feelings you might have about the nature of the crime charged to interfere with your decision-making process.

4. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

1. As you know, both defendants have pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crime they are accused of committing. It does not even raise any suspicion of guilt.

2. Instead, the defendants start the trial with a clean slate, with no evidence at all against either of them, and the law presumes that they are both innocent. This presumption of innocence stays with both defendants unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that either one or both of the defendants are guilty.

3. This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that the defendants are guilty, and this burden stays on the government from start to finish. Unless the government convinces you beyond a reasonable doubt that a particular defendant is guilty, you must find that particular defendant not guilty.

4. The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

5. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a particular defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict as to that particular defendant. If you are not convinced, say so by returning a not guilty verdict.

**Evidence Defined**

1. You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

2. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

3. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

4. During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see, and I struck some things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Consideration of Evidence

1.  You are to consider only the evidence in the case, and you should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

2.  In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this an "inference."  You are allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

3.  The existence of an inference does not change or shift the burden of proof from the government to the defendants.

**Stipulations**

1. The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the stipulated facts as proved.

2. I will tell you those stipulated facts at the relevant point in time, during the course of these instructions.

## Direct and Circumstantial Evidence

1. Now, I am going to remind you of the difference between "direct evidence" and "circumstantial evidence."

2. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

3. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

4. It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses

1. Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

2. Let me suggest some things for you to consider in evaluating each witness's testimony.

   − Ask yourself if the witness was able to clearly see or hear the events. Sometimes, even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

   − Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

   − Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

   − Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

   − Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

   − Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

   − And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's

testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

3. These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Number of Witnesses**

1. One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

2. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**Lawyers' Objections**

1. There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

2. The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

3. And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## DEFINING THE CRIME

### Introduction

1. That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendants are accused of committing.

2. But before I do that, I want to emphasize that the defendants are only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

3. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved either or both of these defendants guilty.  However, as I will explain shortly, because the defendants in this case are charged with a conspiracy, you will need to consider the involvement of others for that limited purpose.

**Separate Consideration – Two Defendants Charged with a Single Crime**

1. The defendants, Larry Householder and Matthew Borges, have been charged with one crime.  But in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each of them.  For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty beyond a reasonable doubt.

2. Your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on the other defendant.

### The Charged Offense

In this case, the defendants are each charged with conspiring to commit an offense under the Racketeer Influenced and Corrupt Organizations Act. For short, I will refer to this offense going forward as "RICO Conspiracy."

The defendants deny the charge.

**Relevant Dates**

1. I want to first talk to you about the dates of the charged offense, as set forth in the Indictment.

2. The Indictment charges that the conspiracy began at least as early as 2016 and continued until July 2020.  Generally, the government does not have to prove that a conspiracy existed on those exact dates or that the conspiracy lasted for that entire period of time.  But the government must prove that the conspiracy existed reasonably close to those dates.

**Inferring Requiring Mental State**

1. Next, I want to explain something about proving a defendant's state of mind.

2. Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

3. But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

4. You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**Overview**

1. The Indictment charges the defendants with RICO Conspiracy.  That means that the defendants are charged with conspiring to commit a RICO offense.

2. I will start by giving you a summary of the allegations.  Keep in mind that the allegations are just that—allegations.  This is what the government alleges occurred.

3. Then I will instruct you on the elements of the RICO Conspiracy.  In order to find either one or both defendants guilty of the offense charged, you must find that the government has proven each of these elements, beyond a reasonable doubt, as to that particular defendant.

4. I will then give you additional instructions and definitions that are relevant to the charged offense.

5. Finally, I will provide you with instructions regarding certain evidence and the deliberation process.

**RICO Conspiracy**

The Indictment charges the defendants, Larry Householder and Matthew Borges, along with other named and unnamed individuals and entities, with RICO Conspiracy, in violation of federal law.

<u>Allegations</u>

The Indictment alleges that, beginning in 2016 and continuing until 2020, Defendants Larry Householder and Matthew Borges, along with other named and unnamed individuals and entities, constituted an enterprise.

The Indictment alleges that the defendants, Larry Householder and Matthew Borges, along with the other named and unnamed individuals and entities, did knowingly and intentionally conspire with each other to conduct and participate directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

The Indictment alleges that the purpose of the enterprise was to grow Defendant Larry Householder's political power, to enrich the enterprise and its members and associates, and to conceal these activities from public exposure and potential prosecution. The Indictment further alleges that, as part of the conspiracy, the enterprise used Generation Now as a mechanism to receive and conceal from public scrutiny bribe payments for the benefit of enterprise members and associates.

In furtherance of the enterprise, the Indictment alleges unlawful activities relating to Ohio's House Bill 6 ("HB 6"). Specifically, HB 6 was proposed legislation, introduced in the Ohio House of Representatives in April 2019, during Defendant Householder's tenure as Speaker of Ohio's House of Representatives.

In sum, the Indictment alleges that HB 6 was aimed at benefiting one of Ohio's public utility companies, FirstEnergy Corp., by offering a financial bail-out to one of FirstEnergy Corp.'s financially struggling subsidiaries, FirstEnergy Solutions. The Indictment alleges that the enterprise accepted tens of millions of dollars in bribes, in exchange for providing the legislative action needed (HB 6) to keep FirstEnergy Solutions solvent and avoid closure of its nuclear power plants.

Specifically, the Indictment alleges that, from March 2017 to March 2020, the enterprise agreed to accept and did accept millions of dollars in payments from FirstEnergy Corp. and/or FirstEnergy Solutions, which payments were intended to influence and reward Defendants Householder and Borges and other members of the enterprise, in return for Defendant Householder taking specific official action for the benefit of FirstEnergy Corp. and FirstEnergy Solutions, namely, to help enact legislation that would go into effect and save the operation of the nuclear plants.

19

The Indictment further alleges that the enterprise ensured that the bribe payments were passed through and paid to and/or from various entities, including Generation Now, in an effort to conceal the nature of the payments.

The Indictment also alleges that the enterprise used the bribe payments in furtherance of the conspiracy, including, to promote and ensure the passage of HB 6 and to defeat a referendum effort that could have resulted in the repeal of HB 6, to support the campaigns of Defendant Householder and others who would support HB 6, to pressure public officials to support HB 6, and to retain and gain political power on behalf of Defendant Householder, all with the intent to enrich and benefit, and to continue enriching and benefitting, the defendants, as well as other members and associates of the enterprise.

<u>Elements</u>

For you to find a defendant guilty of the offense of RICO Conspiracy, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

      **FIRST**:     That an "enterprise" existed;

      **SECOND:**    That the "enterprise" was engaged in, or its activities affected, interstate commerce;

      **THIRD:**     That the defendant was employed by or associated with the enterprise; and

      **FOURTH:**    That the defendant "conspired" to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity."

You must consider each defendant independently to determine whether the elements of RICO Conspiracy are met as to that defendant.

If you are convinced that the government has proved all of these elements, beyond a reasonable doubt, as to a particular defendant, say so by returning a guilty verdict on as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find that particular defendant not guilty.

<u>First Element – Relevant Definitions & Instructions</u>

The first element that the government must prove beyond a reasonable doubt is the existence of an "enterprise."

I will now instruct you on what constitutes an "enterprise" under the law.

An "**enterprise**" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.  In other words, an enterprise is an entity or a group of persons associated together for a common purpose of engaging in a course of conduct.   Such a group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods – by majority vote, consensus, a show of strength, etc.  Members of the group need not have fixed roles; different members may perform different roles at different times.  The group does not need to have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.  An enterprise is sufficiently structured if it includes at least three features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.

<u>Second Element – Relevant Definitions & Instructions</u>

The second element that the government must prove beyond a reasonable doubt is that the "enterprise" was engaged in, or its activities affected, interstate commerce.

To meet the requirements of this element, the government needs to prove that the enterprise itself, as a whole, either was engaged in interstate commerce, or that the activities of the enterprise affected interstate commerce.

The government does not need to prove that the defendant or any member of the enterprise knew that they were engaged in or affecting commerce.

**"Interstate commerce"** means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

An enterprise is "**engaged in interstate commerce**" when it is itself directly engaged in the production, distribution, or acquisition of services, money, goods, or other property in interstate commerce.

**"Activities affected interstate commerce"** means that the activities of the enterprise have an impact on or alter, interfere, or change the flow or movement of money, goods, or other property in interstate commerce.  It does not matter if the effect on interstate commerce is beneficial or not.

If an enterprise engages in economic activity, then even a minimal connection to interstate commerce is sufficient to meet the interstate requirement.

### *Stipulations*

The government and the defendant have agreed, or stipulated, to certain facts with regard to this element.  Therefore, <u>you must accept the following stipulated facts as true</u>.

(1)   The parties stipulate that the enactment into law of House Bill 6 affected interstate commerce.

(2)   The parties stipulate the telephone communications introduced at trial for phone number 740-707-2500, which was used by Larry Householder, including phone calls and text messages, utilized a facility of interstate commerce by using telephone systems through Verizon and AT&T.

(3)   The parties stipulate the telephone communications introduced at trial for phone number 614-204-1050, which was used by Matthew Borges, including phone

calls and text messages, utilized a facility of interstate commerce by using telephone systems through Verizon.

(4)  The parties stipulate that funds transferred from FirstEnergy Service Company bank accounts to Generation Now bank accounts utilized a facility in interstate commerce by using the banking system that transmitted wires across state lines.

(5)  The parties stipulate that funds transferred from a Generation Now bank account to the 17 Consulting Group LLC bank account utilized a facility in interstate commerce by using the banking system that transmitted funds through wire communications across state lines.

<u>Third Element – Relevant Definitions & Instructions</u>

The third element that the government must prove beyond a reasonable doubt is that the defendant was either "employed by" or "associated with" the enterprise.

If you find that the defendant was employed by the enterprise—that is enough to satisfy this element.  You should give the phrase "**employed by**" its common, ordinary meaning. For example, a person is employed by an enterprise when he or she is on the payroll of the enterprise, or performs services for the enterprise, or holds a position in the enterprise.

Alternatively, you may find that a defendant was "**associated with**" the enterprise, if you find that the government proved that at some time during the period indicated in the Indictment, he was aware of the general existence and nature of the enterprise, that it extended beyond his individual role, and with that awareness participated, aided, or furthered the enterprise's activities.

It is not required that the defendant be employed or associated with the enterprise for the entire time that the enterprise existed.  Rather, to prove that a defendant was either employed by or associated with an enterprise, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities at some time during the period indicated in the Indictment.

<u>Fourth Element – Relevant Definitions & Instructions</u>

The fourth element that the government must prove beyond a reasonable doubt is that the defendant conspired to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity."

In other words, the government must prove, beyond a reasonable doubt, that the defendant knowingly became a member of the conspiracy, with the intent to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a "pattern of racketeering activity."

I will break this down for you by, first, instructing you on "conspiracy" generally, and a defendant's connection to the conspiracy. Then I will explain some of the additional terms I just referenced.

***Conspiracy - Generally***

1.  A conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their ultimate goal.

2.  This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

3.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. This is essential.

4.  An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

5.  Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### *Connection to the Conspiracy*

1. If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement.  You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

2. This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

3. But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

4. A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

*Pattern of Racketeering Activity*

I will define "racketeering activity" for you momentarily. But I want to first instruct you on what constitutes a "pattern of racketeering activity."

A "**pattern of racketeering activity**" requires at least two acts of racketeering activity.

These acts must be related to the enterprise and to each other, and must pose a threat of continued criminal activity.

To prove that the racketeering acts are related to the enterprise, the government must prove that the acts of racketeering activity had a relationship or a meaningful connection to the enterprise. This relationship or connection may be established by evidence that the racketeering activity benefitted the enterprise, was authorized by the enterprise, promoted or furthered the purposes of the enterprise, or was in some other way related to the affairs of the enterprise.

To prove the racketeering acts are related to each other, the government must prove that the acts had the same or similar purposes, results, participants, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that the acts are part of a long-term association that existed for criminal purposes. Continuing racketeering activity may be proved by evidence showing a closed period of repeated activity; that is, by evidence of a series of related racketeering acts committed over a substantial period of time. Acts of racketeering activity committed over only a few weeks or months and which do not threaten future criminal conduct do not satisfy this requirement. Continuing racketeering activity or a threat of continuing racketeering activity may also be proved by evidence showing past racketeering activity that by its nature projects into the future with a threat of repetition; for example, when the acts of racketeering activity are part of a long-term association that exists for criminal purposes or when the acts of racketeering activity are shown to be the regular way of conducting the affairs of the enterprise.

The government is not required to prove that the defendant actually committed the two acts of racketeering activity, or any acts at all. But the government must prove, beyond a reasonable doubt, that the defendant agreed that either he or another member of the conspiracy would commit at least two racketeering acts.

*Racketeering Activity*

"**Racketeering Activity**" includes any act of the following acts (which I will define for you momentarily):

1. Public official honest services wire fraud, in violation of federal law;

2. Extortion under color of official right, in violation of federal law;

3. Private honest services wire fraud, in violation of federal law;

4. Bribery, in violation of state law;

5. Interstate travel and use of interstate facilities in aid of racketeering enterprises, in violation of federal law (also called, the "Travel Act");

6. Money laundering, in violation of federal law; and

7. Engaging in monetary transactions in property derived from specified unlawful activity, in violation of federal law.

I am going to instruct you on each of these racketeering acts now. But keep in mind, the defendants are not charged with actually committing these acts. They are charged with the RICO Conspiracy.

Therefore, the government is not required to prove that the defendant or anyone else actually committed these racketeering act or any overt acts at all. Instead, the government only needs to prove, beyond a reasonable doubt, that the defendant agreed that either he or a co-conspirator would commit at least two of these racketeering acts. It is not necessary that the conspirator be on trial or charged in the Indictment. Whether a conspiracy existed, or whether a person or entity is a conspirator, is for you, the jurors, to decide.

*Public Official Honest Services Wire Fraud*

The elements of public official honest services wire fraud are as follows:

1. The defendant or conspirator knowingly devised or participated in a scheme to defraud the public of its right to his honest services as a public official through bribery;

2. The scheme included a material misrepresentation or concealment of a material fact: here, the government alleges that the material misrepresentation or concealment consisted of a failure to disclose the bribery scheme;

3. The defendant or a conspirator had the intent to defraud; and

4. The defendant or a conspirator used wire, radio or television communications or caused another to use wire, radio, or television communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

A "**scheme**" is any plan or course of action formed with the intent to accomplish some purpose. The defendant or conspirator must have devised or participated in a plan or course of action involving bribes.

The term "**public official**" means a person with a formal employment relationship with government.

Public officials owe a fiduciary duty to the public. That means that the official has a duty of honesty and loyalty to act in the public's interest, not for his or her own enrichment. When a public official devises or participates in a bribery scheme, that official violates the public's right to his or her honest services. This is because the official outwardly purports to be exercising independent judgment in official work, but instead has received benefits for the outcome or deed. The public is defrauded because the public is not receiving what it expects and is entitled to, namely, the public official's honest services.

"**Bribery**" is a situation where a person or entity (the "payor") has agreed to provide, or has actually provided, a thing (or things) of value to a public official in return for the public official agreeing to undertake, or undertaking, a specific official action. This is sometimes referred to as a *quid pro quo* (which is a Latin phrase meaning "this for that" or "these for those"). A bribery exchange can include either: (1) a public official's solicitations of things of value in exchange for performing or agreeing to perform specific official action; or (2) a public official's receipt of things of value when the public official

30

knows that the person who gave the thing of value was doing so in return for the public official performing or agreeing to perform a specific official action.  In other words, bribery includes the public official's solicitation, receipt, acceptance, or agreement to accept a thing of value in exchange for specific official action, whether or not the payor actually provides the thing of value, and whether or not the public official ultimately performs the requested official action or intends to do so.

The *quid pro quo* agreement between the public official and the payor does not need to be stated expressly or formally.  In other words, a bribery agreement is satisfied by something short of a formalized and thoroughly articulated contractual arrangement.  Otherwise, the law's effect could be frustrated by knowing winks and nods.

While a bribery agreement need not be express, it must be explicit, by which I mean that the government must show that the contours of the proposed exchange were clearly understood by both the public official and the payor, even if the proposed exchange was not communicated between them in express terms.

The government may establish the public official's intent to exchange an official action for the thing of value by circumstantial evidence.  This can include, for example, the public official and payor's words, conduct, acts, and all the other surrounding circumstances disclosed by the evidence, as well as any rational or logical inferences that you may draw from those surrounding circumstances.

Thus, bribery requires either that the public official intended to exchange a thing of value from the payor for specific official action from the public official, or that the public official knew the payor intended to exchange the thing of value for a specific official act from the public official.  But there is no requirement that each payment be correlated with or tied to a specific official act.  It is sufficient that the public official understood that the agreement was to take a specific official action on the payor's behalf when the opportunity presented itself.

That said, efforts to buy favor or generalized goodwill do not necessarily amount to bribery.  Bribery does not include gifts given in the hope that at some unknown, unspecified time, a public official might act favorably in the payor's interests.  Also, gifts exchanged solely to cultivate friendship are not bribes; things of value given in friendship and without expectation of anything in return are not bribes.

However, it is not a defense to bribery for the public official to claim that he would have lawfully performed the official action in question even without the payor having promised to provide, or having provided, the thing of value.  In simple terms, taking a bribe is unlawful, even if the public official would have performed the official action anyway, or even if the official action is desirable or beneficial to the public.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any official act was actually taken by the public official in the course of the scheme. What the government must prove is that the defendant or conspirator knowingly devised or participated in a scheme or artifice to defraud the public and the government of their right to a public official's honest services through bribes.

Also, because people rarely act for a single purpose, the government need not show that the public official undertook, or promised to undertake, the official action only because of the offer or acceptance of the thing of value. If you find that a public official solicited or received a thing of value in exchange for the promise of specific official action, then it makes no difference that the public official may also have had another lawful motive for soliciting or accepting the thing of value.

The term "**official act**" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official in his official capacity, or in such official's place of trust or profit. This definition of official act has two parts.

(a) First, the evidence must show a question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. A "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power, and it must be something specific and focused.

(b) Second, the government must prove that the public official made a decision or took an action on that question or matter, or agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act or to advise another public official with the intent to pressure the official to perform an official act. Actual authority over the end result is not controlling.

Under this definition, some acts do not count as "official acts." Setting up a meeting, calling another public official, or hosting an event would not, standing alone, qualify as an "official act." The public official need not have a direct role in the official act; an indirect role is sufficient.

As I mentioned, the public official need not have actually performed an official act, or even intended to do so. Rather, it is sufficient if the public official agreed to perform a specific official act in exchange for a thing of value, or if he received payment knowing it was provided to him in exchange for his agreement to perform a specific official act. Moreover, the public official need not have specified the means that he would use to perform his end of the bargain. You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing

that it was given with the expectation that the official would perform a specific official act in return.

An act is "**knowingly**" done if done voluntarily and not because of mistake or some other innocent reason.

A "**thing of value**" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something. A "thing of value" could include a contribution to a 501(c)(4) organization, so long as it was solicited or received in exchange for a specific official act.

To act with "**intent to defraud**" means to act with an intent to deceive or deprive the public and government of their right to a public official's honest services.

A misrepresentation or concealment is "**material**" if it has a natural tendency to influence or is capable of influencing the decision of the public or government agency that employed the public official.

The fraud or misrepresentation may consist of the concealment or failure to disclose the thing or things of value that the public official has solicited, received, or agreed to receive, or the public official's implicit false pretense to his governmental employer or the public that he remains loyal to the employer's or the public's interest.

"**Wire communication**" includes communications that occur by telephone or by banking transactions.

To "**cause**" wire, radio, or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "**interstate commerce**" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme, or that the material transmitted by wire, radio or television communications was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement, or that the defendant or conspirator obtained money or property for his own benefit.

*Extortion Under Color of Official Right*

The elements of extortion under color of official right are as follows:

1. That the defendant or conspirator was a public official;

2. That the defendant or conspirator obtained, accepted, took, or received property, that he was not lawfully entitled to, from another person with that person's consent;

3. That the defendant or conspirator knew the property was being obtained, accepted, taken, or received in exchange for an official act; and

4. That as a result, interstate commerce was affected in any way or degree.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

The term "**public official**" means a person with a formal employment relationship with government.

The term "**property**" means money or other tangible or intangible things of value that can be transferred, including contributions to a 501(c)(4) organization.

The phrase "**the defendant or conspirator knew the property was being obtained, accepted, taken or received in exchange for an official act**" may include the conduct of taking a bribe, where the word "bribe" is defined in the same manner as it was in connection with the instructions I gave you above for Public Official Honest Services Wire Fraud.  Consistent with those earlier instructions, I remind you that:

- Efforts to buy favor or generalized goodwill do not necessarily amount to bribery; bribery does not include gifts given in the hope that at some unknown, unspecified time, a public official might act favorably in the payor's interests.

- Gifts exchanged solely to cultivate friendship are not bribes; things of value given in friendship and without expectation of anything in return are not bribes.

- It is not a defense to bribery that the public official would have done the official act anyway, even without the receipt of the property.

The term "**official act**" is defined in the same manner as it was in connection with the instructions I gave you above for Public Official Honest Services Wire Fraud.

"**Interstate commerce was affected**" if the conduct, in any way, interferes with or changes the movement of goods, merchandise, money, or other property in commerce between different states.  Any effect at all on commerce is enough.

This includes obtaining money that belonged to a business which customarily purchased goods from outside the State of Ohio, or that engaged in business outside the State of Ohio if the defendant or conspirator's conduct made that money unavailable to the business entity for the purchase of such goods or the conducting of such business.  It is not necessary for you to find that there was an actual effect on interstate commerce.

Finally, the government need not prove:

- That the bribery agreement was stated in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods.  A bribery agreement is satisfied by something short of a formalized and thoroughly articulated contractual arrangement. While a bribery agreement need not be express, it must be explicit, by which I mean that the government must show that the contours of the proposed exchange were clearly understood by both the public official and the payor, even if the proposed exchange was not communicated between them in express terms.

- That the public official ultimately performed the official act.

- That the property was exchanged for an official act only. Because people rarely act for a single purpose, if you find that the property was exchanged at least in part for an official act, then it makes no difference that the defendant may have also had another separate lawful purpose for exchanging the property.

- That the defendant or conspirator had the actual power to effectuate the end for which he accepted or induced payment; it is sufficient that the defendant or conspirator exploited a reasonable belief that he had the power to do so.

35

*Private Honest Services Wire Fraud*

The elements of private honest services wire fraud are as follows:

1. That the defendant or conspirator knowingly devised or participated in a scheme to defraud an employer of its right to the honest services of its employees through bribery;

2. That the defendant or conspirator had the intent to defraud;

3. That the defendant or conspirator foresaw or reasonably should have foreseen that the employer might suffer economic harm as a result of the scheme; and

4. That the defendant or conspirator used wire, radio, or television communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

A "**scheme**" is any plan or course of action formed with the intent to accomplish some purpose. The defendant or conspirator must have devised or participated in a plan or course of action involving the intended breach of a fiduciary duty through bribery.

An employee who works for a private employer has a fiduciary duty to provide honest services to the employer. A fiduciary duty exists where the employee has a duty to act for the benefit of the employer and the employer relies on the employee to carry out his job duties for the benefit of the organization. When a defendant devises or participates in a bribery scheme involving an employee's breach of his fiduciary duty to his employer, such a scheme is intended to deprive the employer of its right to honest services. The employer is defrauded because it is not receiving what it expects and is entitled to, namely, the employee's honest services.

A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery scheme intended to deprive an employer of its right to the honest services of its employees. In other words, an employee—the holder of the fiduciary duty—may be the attempted target of the bribe and may be entirely innocent. It is not necessary for the employee to accept the thing of value from the payor or to take action violating his fiduciary duty.

The actual or intended breach of the fiduciary duty must be by participation in a bribery scheme involving the actual, intended, or solicited exchange of a thing of value in exchange for the employee improperly providing information that the employer intended to keep secret—in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or

"these for those"). The *quid pro quo* agreement between the employee and the payor do not need to be stated expressly or formally. Rather, the intent to exchange may be established by circumstantial evidence, based upon the payor's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Bribery requires the intent to cause an exchange of something of value, but each payment does not need to be correlated with or tied to specific action, so long as the employee understood that the agreement was to take action on the payor's behalf when the opportunity presented itself.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that anything of value was actually exchanged. The government must prove is that the defendant or conspirator knowingly devised or participated in a scheme to defraud a private entity of its right to the honest services of an employee through bribes.

When the defendant or conspirator is the bribe payor, it is sufficient if the defendant or conspirator intends or solicits the employee to violate his duty of honest services to the employer in exchange for a thing of value and that the defendant foresaw, or should have foreseen, that the employer might suffer economic harm as a result of the intended or solicited breach of fiduciary duty.

A "**thing of value**" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.

To act with "**intent to defraud**" means to act with an intent to deceive or deprive a private employer of its right to the honest services of its employees.

"**Wire communication**" includes communications that occur by telephone or by banking transactions.

To "**cause**" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "**interstate commerce**" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire, radio or television communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire, radio or television

communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

## *Bribery (in violation of state law)*

The elements of Ohio state law bribery are as follows:

1. A public servant, who is either the defendant or a conspirator, knowingly solicited or accepted for himself any valuable thing or valuable benefit;

2. That the public servant, who is either the defendant or a conspirator, intended the valuable thing or benefit to corrupt or to improperly influence him; and

3. That the corruption or influence was with respect to the discharge of his duties as a public servant.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

A person acts "**knowingly**," regardless of his purpose, when he is aware that his conduct will probably cause a certain result. A person has knowledge of circumstances when he is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

"**To solicit**" means to entice, urge, lure or ask.

"**Valuable thing or valuable benefit**" includes, but is not limited to, a contribution to a 501(c)(4) organization.

"**To corrupt**" means to destroy or undermine the honesty or integrity of another; to taint; to infect.

A "**public servant**" includes any elected or appointed officer, employee or agent of the state or any political subdivision, whether in a temporary or permanent capacity.

_Travel Act_

The elements of the Travel Act are as follows:

1. The defendant or conspirator knowingly used or caused to be used a facility in interstate commerce;

2. The defendant or conspirator did so with the intent to promote, manage, establish, or carry-on unlawful activity; and

3. After the use of a facility in interstate commerce, the defendant or conspirator did an act, or attempted to do an act, in order to promote, manage, establish, or carry on the unlawful activity.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

The term "**uses any facility in interstate commerce**" means employing or utilizing any method of communication between one state and another. This may include, for instance, the use of the telephone systems, the banking systems, and the postal service.

The government must prove that the defendant intended the use of interstate facilitates to facilitate or further the unlawful activity. The government does not, however, need to prove that the use of an interstate facility was essential to that activity. But the government must prove beyond a reasonable doubt that the defendant used a facility in interstate commerce and that one of the reasons for this use was to promote, manage, establish, or carry on the unlawful activity.

"**Unlawful activity**" means bribery in violation of state law if the defendant or conspirator, during the course of any campaign in advocacy of or in opposition to the adoption of any proposition or issue submitted to the voters, knowingly and with the intent to affect the outcome of the campaign, promised, offered, or gave any valuable thing or valuable benefit to any person who was employed by or was an agent of a committee in advocacy of or in opposition to the adoption of any ballot proposition or issue, for the purpose of influencing the employee or agent with respect to the improper discharge of the employee's or agent's campaign duties or to obtain information about the committee's campaign organization.

*Money Laundering*

The elements of money laundering are as follows:

1. The defendant or conspirator conducted or attempted to conduct a financial transaction;

2. That the financial transaction involved property that represented the proceeds of specified unlawful activity;

3. That the defendant or conspirator knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

4. That the defendant or conspirator knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

"**Financial transaction**" includes a transaction that affects interstate or foreign commerce involving the movement of funds by wire or other means.

"**Conducts**" includes initiating, concluding, or participating in initiating or concluding a transaction.

"**Proceeds**" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

"**Specified unlawful activity**" means some racketeering activity, as those offenses were defined above, that is: public official honest services wire fraud, extortion under color of right, and bribery under state law.  These offenses are all felonies.

The government need only establish that the defendant or conspirator knew that the purpose of the transaction was to conceal or disguise the proceeds, not that the defendant or conspirator had that intent.

The phrase "**knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity**" means that the defendant or conspirator knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

41

The government does not have to prove the defendant or conspirator knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

*Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity*

The element of engaging in monetary transactions in property derived from specified unlawful activity are:

1. That the defendant or conspirator knowingly engaged engage in a monetary transaction;

2. That the monetary transaction was in property derived from specified unlawful activity;

3. That the property had a value greater than $10,000;

4. That the defendant or conspirator knew that the transaction was in criminally derived property; and

5. That the monetary transaction took place within the United States.

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

"**Monetary transaction**" means the deposit, withdrawal, transfer, or exchange, in or affecting commerce of funds or a monetary instrument, by, through, or to a financial institution.

The term "**specified unlawful activity**" has the same meaning I provided above as to Money Laundering.

"**Criminally derived property**" means any property constituting, or derived from, proceeds obtained from a criminal offense. While the money must be from a specified unlawful activity, the defendant or conspirator need only know that the money was criminally derived. In other words, the government need not prove that the defendant or conspirator knew the property was derived from a particular type of unlawful activity, so long as the government proves the defendant or conspirator knew it was criminally derived. In order for property to qualify as criminally derived, the underlying criminal activity must have been completed and the defendant or conspirator must have obtained or controlled the tainted funds. The funds need not be in the defendant or conspirator's physical possession or in a personal bank account, as long as he exercised control over the funds.

43

***Unanimity as to Element Four***

To convict a defendant of the RICO Conspiracy, your verdict must be unanimous as to which type or types of predicate racketeering activity a defendant agreed would be committed.

For example, at least two acts of either public official honest services wire fraud, extortion under color of right, private honest services wire fraud, bribery under state law, Travel Act violations, money laundering, or monetary transactions in property derived from specified unlawful activity.  But it need not be two of the same type of act—it could be two acts of one type of racketeering activity or two different types of racketeering activity.  Either way, you must all unanimously agree on the two types of acts.

<u>Venue</u>

Now, some of the events that you have heard about happened in other places.  There is no requirement that the entire conspiracy take place here in the Southern District of Ohio.  It is sufficient for the government to convince you that some act in furtherance of the conspiracy took place here in the Southern District of Ohio.

Here, however, the government and the defendant have agreed, or stipulated, that venue is proper in the Southern District of Ohio.  Therefore, <u>you must accept this stipulated fact as true</u>.

<u>Additional Instructions</u>

1. Typical campaign contributions are not unlawful.  Neither is creating or using a 501(c)(4) entity for lawful purposes.  RICO Conspiracy, however, is unlawful.  Therefore, if you find that the government has proved its case as to RICO Conspiracy against a particular defendant, you must return a guilty verdict as to that particular defendant.  Otherwise, you must return a not guilty verdict as to that particular defendant.

2. I want to caution you more generally that this case is not about energy policy in Ohio.  Your role as jurors in this case is to decide whether the government has met its burden to prove to either or both defendants guilty of RICO Conspiracy, beyond a reasonable doubt.  Whether you believe House Bill 6 was good or bad legislation is not at issue.  You should not allow what you think of the law to influence your decision or your impartial evaluation of the evidence.

3. Similarly, if you conclude that the government has proven its case, beyond a reasonable doubt, whether the defendants would have supported House Bill 6 regardless is not a defense.

**DEFENSE**

**Defense Position**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendants' position.

The defendants deny the charge and deny that they were associated with or employed by any alleged enterprise.

## SPECIAL EVIDENTIARY MATTERS

### Introduction

That concludes the part of my instructions explaining the elements of the crime and the defendants' position.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## Defendants' Right Not to Testify or Present Evidence

1. A defendant has an absolute right not to testify or present evidence. The fact that the defendant, Matthew Borges, chose not to testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

2. Remember that it is up to the government to prove each of the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove they are innocent.

**Defendant's Testimony**

1.  You have heard the defendant, Larry Householder, testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

2.  You should consider those same things in evaluating the defendant's testimony.

**Testimony of Cooperating Co-Defendants**

1. You heard the testimony of Juan Cespedes and Jeffrey Longstreth.

2. You have also heard that these witnesses were involved in the same offense that the defendants are charged with committing, and that these witnesses pleaded guilty to the offense.

3. The fact that these witnesses pleaded guilty to the crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

4. Additionally, you heard that the government promised these witnesses a reduced sentence in exchange for their cooperation.

5. It is permissible for the government to make such a promise.

6. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether the testimony may have been influenced by the government's promise.

7. Do not convict the defendants based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

## Testimony of a Paid Informant

1. You have heard the testimony of Tyler Fehrman.  You have also heard that he received money from the FBI after he provided information.

2. The use of paid informants is common and permissible.  But you should consider the witness's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the government gave him.

3. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**Impeachment by Prior Inconsistent Statement Not Under Oath**

1. You have heard the testimony of Robert Klaffky.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

2. This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

**Opinion Testimony**

1. You have heard the testimony of Noah Dormady, Charles Walker, and Josh Altic, who testified as opinion witnesses.

2. You do not have to accept their opinions.  In deciding how much weight to give their testimony, you should consider the witness' qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

3. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Witness Testifying to Both Facts and Opinions**

1. You have heard the testimony of Special Agents Blane Wetzel and Nathan Holbrook, and Chris Hartsel of the FBI, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

2. As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

3. As to the testimony on opinions, you do not have to accept the witness' opinions. In deciding how much weight to give it, you should consider the witness' qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

4. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Testimony Regarding the Law

1. You have heard some witnesses testify regarding the law, or what they believe to be lawful or unlawful conduct.

2. The instructions that I am giving you constitute the controlling law, and this is the law that you must follow.

**Investigative Techniques**

1.  You have heard evidence obtained from the government's use of undercover agents, informants, and deceptive investigative techniques.  The government is permitted to use these techniques.  You should consider evidence obtained this way together with and in the same way you consider the other evidence.

2.  And keep in mind that you should judge the credibility of the witnesses as I have previously instructed.

**Materials Not Admitted in Evidence**

During the trial, you saw counsel use certain summaries, charts, or other similar materials that were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

## Evidence Summaries Admitted in Evidence

1. During the trial you have seen or heard summary evidence in the form of charts, calculations, and similar materials.  These summaries are admitted in evidence, in addition to the materials they summarize, because it may assist you in understanding the evidence that has been presented.

2. But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**Transcriptions of Recordings**

1. You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

2. Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**Redactions**

The Court's rules require that certain information be redacted (blacked-out) from exhibits. You should not draw any inference from the fact that an exhibit is redacted.

## DELIBERATION AND VERDICT

### Introduction

1. That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

2. The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.  The foreperson's vote and opinion does not carry any greater weight than any other juror.

3. Once you start deliberating, do not talk to anyone – not Ms. Webster, not my staff, not me, not <u>anyone</u> except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to Ms. Santoro, who will then bring your written question to me.  Any questions or messages normally should be sent to me through your foreperson.  Once I receive your written question or message, I will respond as soon as I can.  I might have to talk to the lawyers about what you have asked, so it might take me some time to get back to you.  In the meantime, please continue your deliberations while you wait to hear back from me, if you are able to do so.

4. One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**Experiments, Research, Investigation and Outside Communications**

1. Remember that you must make your decision based only on the evidence that you saw and heard here in court.

2. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, tablet, smart watch, or computer, the Internet, any Internet service, any text or instant messaging service, any app, any Internet chat room, blog, or website—all of this includes, but is not limited to, Twitter, Snap Chat, Instagram, Facebook, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case, and you may not do any form of outside research.  You can only discuss the case in the jury room with your fellow jurors during deliberations, pursuant to my instruction.  I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

3. The reason that you are not permitted to conduct outside research or to communicate with anyone other than each other about the case is because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information available in reference materials, the news, on the Internet, or through social media might be wrong, incomplete, inaccurate, or misleading. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Unanimous Verdict**

1. Your verdict as to each defendant, whether it is guilty or not guilty, must be unanimous.

2. To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt.

3. To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

4. Either way, guilty or not guilty, your verdict must be unanimous.

### Duty to Deliberate

1. Now that all the evidence is in and once the closing arguments are completed, you are free to talk about the case, among yourselves <u>only</u>, and <u>only</u> while in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

2. But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach a unanimous agreement, but only if you can do so honestly and in good conscience.

3. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

4. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved either, both, or neither of the defendants guilty beyond a reasonable doubt.

## Punishment

1. If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

2. Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

3. Your job is to look at the evidence and decide if the government has proved either, both, or neither defendant guilty beyond a reasonable doubt.

**Verdict Form**

1. I have prepared verdict forms that you should use to record your verdict.  The forms read as follows:

   (**See Verdict Forms**)

2. If you unanimously decide that the government *has* proved the charge against a particular defendant beyond a reasonable doubt, say so by having your foreperson mark "guilty" on the form, as to that particular defendant.

3. If you decide unanimously that the Government *has not* proved the charge against a particular defendant beyond a reasonable doubt, say so by having your foreperson mark "not guilty" on the form, as to that particular defendant.

4. Each of you must sign and date the form after it is completed.  The foreperson is responsible for keeping the verdict form secure, and to ultimately provide it to the Court as instructed.

**Verdict Limited to Charge Against These Defendants**

Remember that each defendant is only on trial for the particular crime charged in the Indictment.  Your job is limited to deciding whether the government has proved the crime charged as to each defendant.

**Juror Notes**

1. Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

2. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.