# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| vs. | : | Judge Timothy S. Black |
| MATTHEW BORGES (4), | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT BORGES'
## MOTION FOR LEAVE TO FILE POST-TRIAL MOTIONS

This criminal case is before the Court on Defendant Matthew Borges' motion for an extension of time to file post-trial motions (Doc. 258) and the Government's response in opposition. (Doc. 259).[1]

In sum, Defendant asks for another opportunity to file post-trial motions, arguing that two recent Supreme Court decisions, both of which were decided after Defendant's post-trial motion deadline, are relevant to his conviction. The Court disagrees. Therefore, as fully explained *infra*, Defendant's motion is **DENIED**.

## I. BACKGROUND

On July 30, 2020, a federal Grand Jury returned a single-count Indictment, charging Defendant Matthew Borges, as well as Defendants Larry Householder, Jeffrey Longstreth, Neil Clark, Juan Cespedes, and Generation Now, with participating in a

---

[1] The Court emailed the parties to establish a briefing schedule on Defendant's motion, at which time the defense advised that it would forego a reply brief. Accordingly, the motion is ripe for decision.

Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(c), (d). (Doc. 22 at 10, 40).[2]

As an element of the RICO conspiracy, the Government charged, and evidenced at trial, a "pattern of racketeering activity," which included committing, or intending another to commit, two or more of the identified predicate offenses. (Doc. 22 at 10-11); 18 U.S.C. §§ 1961(1), (5) & 1962(c), (d).[3]

The case as to Defendants Borges and Householder proceeded to jury trial on January 20, 2023. (Min. Entry, Jan. 20, 2023). And on March 9, 2023, after multiple weeks of trial, the jury returned verdicts of guilty as to both Defendants. (Docs. 261, 263).

On March 22, 2023, Defendant Borges timely moved for an extension of time to file a motion for judgment of acquittal (Fed. R. Crim. P. 29) and/or motion for a new trial (Fed. R. Crim. P. 33). (Doc. 251). Specifically, Defendant cited "the duration and complexity of the trial in this case, and the press of demands from other matters after defense counsel returned from almost two months of trial," as establishing good cause for

---

[2] Defendants Longstreth, Cespedes, and Generation Now pleaded guilty (Min. Entries, Oct. 29, 2020, Feb. 9, 2021); and the charge was dismissed as to Defendant Neil Clark, following his death. (Doc. 88).

[3] The Indictment identified the following predicate offenses: public official honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346; private honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346; extortion under color of official right, in violation of 18 U.S.C. § 1951; interstate travel and use of interstate facilities in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952 (the "Travel Act"); money laundering, in violation of 18 U.S.C. § 1956; engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957; and bribery, in violation of Ohio Rev. Code § 2921.02. (Doc. 22 at 10-11; Doc. 260 at 33).

the requested extension. (*Id*. at 1). The Court granted Defendant's motion and extended the deadline until April 24, 2023. (Not. Order, Mar. 24, 2023). However, despite being granted an extension, no post-trial motions were filed.

On May 15, 2023, Defendant filed the instant motion, seeking a further extension of the lapsed motion deadline, pursuant to Fed. R. Crim. P. 45(b)(1)(B). (Doc. 258).

## II. STANDARD OF REVIEW

A criminal defendant may move for judgment of acquittal or for a new trial, but must generally do so within 14 days after the jury returns a guilty verdict. Fed. R. Crim. P. 29(c)(1); Fed. R. Crim. P. 33(b)(2). The Court may, for good cause, grant an extension of the 14-day deadline, "on a party's motion made: … after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

To determine whether there has been "excusable neglect," the Sixth Circuit adopted the U.S. Supreme Court's list of non-exhaustive factors, as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). *E.g.*, *United States v. Elenniss*, 729 F. App'x 422, 425 (6th Cir. 2018) (applying *Pioneer* factors to the Rule 29 and Rule 33 deadlines). Specifically, the Court must consider: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (quoting *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010)). Of these factors, "the reason for the delay is given the most weight." *Id*. (citing *Munoz*, 605 F.3d at 372-73).

### III. ANALYSIS

Defendant Borges asserts that he initially opted not to file post-trial motions due to this Court's prior denial of pretrial motions on effectively the same grounds, but that two recently decided U.S. Supreme Court cases—*Ciminelli v. United States*, No. 21-1170, 2023 WL 3356526 (U.S. May 11, 2023) and *Percoco v. United States*, No. 21-1158, 2023 WL 3356527 (U.S. May 11, 2023)—"stab directly at heart of the government's case against [him, as to] the private-sector honest services wire fraud …." (Doc. 258 at 1). In other words, Defendant argues that filing a post-trial motion prior to the deadline would have been fruitless, but that those circumstances have changed due to the two Supreme Court cases that issued after his motion deadline. (*Id.*) Moreover, Defendant asserts that the Government would have had to contend with the recent Supreme Court cases regardless, if Defendant had filed his motion on April 24, 2023; and, therefore, Defendant argues that the Government would suffer no prejudice by responding to his post-trial motion at this time. (*Id*. at 2).

The Government opposes the extension of time, arguing that the recent Supreme Court cases are irrelevant to Defendant Borges's conviction. (Doc. 259 at 2-3). And as there has been no relevant change in the law, there is no excuse for the delay in filing. (*Id.*) Moreover, the Government argues that any Rule 29 or Rule 33 motion would fail on the merits, and the recent Supreme Court cases do not change that analysis. (*Id*. at 3-4).

Having reviewed the Supreme Court's recent decisions in *Ciminelli* and *Percoco*, the Court finds that the rulings are inapplicable to Defendant Borges' conviction and, thus, there has been no relevant change in case law that would warrant reopening the

4

post-trial motion period. In other words, Defendant is in the same position today as he was on April 24, 2023, and therefore no "excusable neglect" occurred.

In *Ciminelli*, the U.S. Supreme Court held that a wire fraud conviction cannot be based on the Second Circuit's "right to control theory" of liability. 2023 WL 3356526, at *2. Under the "right to control theory," prosecutors "can establish wire fraud by showing that the defendant schemed to deprive a victim of potentially valuable economic information necessary to make discretionary economic decisions." *Id*. at *3. The prosecution's case in *Ciminelli* rested solely on this theory. And the district court relied on the theory throughout the trial court proceedings and, ultimately, instructed the jury that an intangible interest in "the right to control the use of one's assets" constitutes "property" under the wire fraud statute. *Id*.

However, the "right to control theory" does not apply to Defendant Borges. Indeed, such a theory of liability was neither charged, nor argued, nor instructed. Rather, Defendant Borges was charged and convicted of RICO conspiracy, wherein two of the possible predicate offenses were honest services wire fraud. And as the Supreme Court noted in *Ciminelli*, Congress "enacting [18 U.S.C.] § 1346, which—despite the wide array of intangible rights courts protected under the fraud statutes pre-*McNally*—revived '*only* the intangible right of honest services.'" 2023 WL 3356526, at *5 (quoting *Cleveland v. United States*, 531 U.S. 12, 19-20 (2000)) (emphasis in original).

5

At trial, the Government did not claim, nor did the Court instruct, that any intangible right was the object of the wire fraud scheme except for the right to honest services. (Doc. 260 at 34-37, 40-42).[4]

The *Ciminelli* case specifically overturns the "right to control theory" of liability and reiterates the limited definition of "property" for purposes of wire fraud. Nothing new established in *Ciminelli* is applicable to Defendant Borges, thereby entirely undermining his reason for the delay, as well as good cause to file the post-trial motion after the deadline.

The recent *Percoco* case is equally inapplicable to Defendant Borges. Specifically, *Percoco* rejects the notion, in most but not all instances, that a private citizen can be convicted of depriving the public of its right to honest services. 2023 WL 3356527, at *4-7.

Here, the Government separately pursued public official honest services wire fraud and private sector honest services wire fraud. As to the former, the jury was instructed that, "[t]he term 'public official' means a person with a formal employment relationship with government." (Doc. 260 at 34). Defendant Borges does not meet this definition, nor did the Government or the Court ever suggest otherwise. And as to private honest services wire fraud, the jury was instructed that "the defendant or

---

[4] To be clear, the Court instructed the jury that they must find the scheme to defraud was accomplished through bribery. (Doc. 260 at 40). And, in turn, the Court explained that the exchange of information in return for valuable consideration could constitute bribery. (*Id.*) But nothing in the Court's instructions suggested that the victim's harm was the deprivation of information. Bribery was the means by which the scheme was perpetrated, and that is simply not what *Ciminelli* proscribes.

6

conspirator knowingly devised or participated in a scheme to defraud an employer of its right to the honest services of its employees …." (*Id*. at 40). In other words, the jury was never instructed that the victim of the fraud was the public at large. Indeed, the Court expressly stated, and explained at length, that the fiduciary duty at issue was <u>between the employer and the employee</u>, and in fact that "[a] defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery scheme <u>intended to deprive an employer of its right to the honest services of its employees</u>." (*Id*.) (emphasis added).

In short, neither the Government's case nor the Court's instructions ever implied that Defendant Borges was a public official, nor that Defendant Borges, as a private citizen, owed and breached a fiduciary duty to the public. Thus, *Percoco*'s holding has no relevance to Defendant Borges. And, accordingly, the issuance of the Supreme Court's ruling cannot justify the reason for Defendant's delay in filing post-trial motions.

In sum, Defendant states that he made a decision to forego post-trial motions, recognizing that this Court had ruled on his arguable issues. And the Court now finds that the *Ciminelli* and *Percoco* cases do not change those circumstances. Accordingly, there is no justifiable reason for the delay in filing post-trial motions. Moreover, neither Supreme Court case has any bearing on Defendant's conviction, and any argument to the contrary would be frivolous. Thus, the denial of the instant motion does not prejudice Defendant Borges. Finally, this case has been litigated, tried, and a verdict returned. Defendant Borges is now scheduled for sentencing on June 30, 2023. Disrupting the schedule would needlessly undermine the interests in judicial efficiency and finality.

7

Therefore, the Court finds that defense counsel's decision not to file post-trial motions was not the result of "excusable neglect," and an extension of time to file post-trial motions is unwarranted under the circumstances.

## IV.  CONCLUSION

Accordingly, based upon the foregoing, Defendant's motion for leave to file post-trial motions (Doc. 258) is **DENIED**.

**IT IS SO ORDERED.**

Date:  5/22/2023

Timothy S. Black
United States District Judge