UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **RESPONSE IN OPPOSITION TO** |
| | : | **FORMER OHIO HOUSE SPEAKER** |
| LARRY HOUSEHOLDER, et al., | : | **CLIFFORD D. ROSENBERGER'S** |
| | : | **MOTION FOR DESIGNATION AS A** |
| Defendants. | : | **"VICTIM" UNDER THE CRIME** |
| | : | **VICTIMS' RIGHTS ACT, 18 U.S.C. §** |
| | : | **3771** |
| | : | |

The Government files this opposition to intervenor Clifford D. Rosenberger's Motion for Designation as a "Victim" Under the Crime Victims' Rights Act, 18 U.S.C. § 3771. (Doc. 267.) Rosenberger's motion should be denied because he cannot show, among other things, that the RICO conspiracy charged in this case was the cause of his alleged harm. As explained within, to determine if Rosenberger is a victim under the law, the Court must ask, "what would have happened if there had been no conspiracy at all" because "[a] crime is a but-for cause of an injury only if the injury would not have occurred in the absence of the crime." *In re Fisher*, 649 F.3d 401, 404 (5th Cir. 2011). Rosenberger simply cannot meet this standard.[1]

## BACKGROUND

Up until early-2018, Rosenberger served as the Speaker of the Ohio House of Representatives. (Doc. 197 at PageID 5034.) By state law, he was a lame duck in 2018, meaning he would be term-limited at the end of the year. (Doc. 217 at PageID 7630.) In April 2018, Rosenberger resigned from the House before his term expired, citing an FBI inquiry into his

---

[1] While Rosenberger is not a crime victim under 18 U.S.C. § 3771, the United States does not oppose Rosenberger's submission of a letter to the Court for sentencing.

1

conduct in office as the catalyst. (Doc. 224 at PageID 8222; *see also* Laura Bischoff and Will Garbe, "Ohio House Speaker Cliff Rosenberger Resigning Amid FBI Probe," *Dayton Daily News* (April 11, 2018).) Following Rosenberger's resignation, Ryan Smith was elected Speaker for the remainder of 2018. (Doc. 224 at PageID 8222.) Rosenberger supported Smith and wanted Smith to be the Speaker of the House for the next term as well. (Doc. 212 at PageID 6928.)

## DISCUSSION

Rosenberger's factual assertions and the inferences he draws from them are overwhelmingly off base.[2] However, even if all are accepted as true, Rosenberger does not establish that he is a victim as defined under the Crime Victims' Rights Act ("CVRA").

In Rosenberger's account, the corrupt bargain between Householder and FirstEnergy required Householder's election as House Speaker in order to ensure the passage of House Bill 6 to benefit FirstEnergy. (Doc. 267 at PageID 10687.) For that to happen, the defendants needed to "get[] rid of" Rosenberger through a "'set up' . . . propagat[ing] rumors and misinformation about a phone bribery scheme" involving Rosenberger. (*Id*.) According to Rosenberger, these "actions led to an FBI investigation" that "culminated in demands for Rosenberger's resignation by the Governor, Attorney General, and legislative leaders, to which Rosenberger ultimately succumbed." (*Id*. at PageID 10687-88.) Rosenberger notes that no federal charges have been filed against him, and claims the statute of limitations has run on the "suspected offenses identified by the government in its reverse proffer." (*Id*. at PageID 10688.)

---

[2] For example, Rosenberger alleges he was "'set up' by Householder, and among others, former lobbyist Neil Clark, who propagated rumors and misinformation about a phony bribery scheme . . . [t]heir actions led to an FBI investigation." (Doc. 267 at PageID 10687.) This is false, as the United States informed counsel for Rosenberger before Rosenberger filed the instant motion. Rosenberger also claims that he resigned as Speaker prior to the end of his term because of "Householder's merciless pressure[.]" (*Id*. at PageID 10694.) As Rosenberger and his counsel know, this is also false (Rosenberger's own public statements announcing his resignation make this clear). These mischaracterizations form the basis for Rosenberger's motion. If the Court wishes further information, the Government can provide it under seal.

In support of this story, Rosenberger cites to various exhibits, including phone calls between Householder and Clark in which they discuss Rosenberger's alleged malfeasance, an agenda document written by Longstreth ("What are we doing about Cliff[?] What if he leaves early?"), a portion of Clark's conversation with the undercover agents where he recounts telling the FBI that Rosenberger was corrupt, and a PowerPoint presentation[3] (that on its face postdates Rosenberger's resignation) in which a media company creates a plan for campaign advertisements in case Rosenberger was indicted. (*Id*. at PageID 10691-98.) He also asserts that Third Rail Politics engaged in "unrelenting attacks on Rosenberger's competence and character," but provides no citation. (*Id*. at PageID 10692.)

Under the CVRA provision on which Rosenberger relies, the definition of a "crime victim" is "a person directly and proximately harmed as a result of the commission of a Federal offense[.]" 18 U.S.C. § 3771(e)(2)(A). To determine this, courts "must (1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons were 'directly and proximately harmed as a result of the commission of that Federal offense.'" *In re McNulty*, 597 F.3d 344, 351 (6th Cir. 2010) (quoting *United States* v. *Atl. States Case Iron Pipe Co.*, 612 F. Supp. 2d 453, 536 (D.N.J. 2009) (brackets omitted)). Direct and proximate harms may be understood this way: "A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the harm. A person is proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct." *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011) ("*Fisher I*") (footnotes omitted). But-for causation means "the act is a *sine qua non* of the event – if, in other words, the absence of the act would result in the non-occurrence of the event." *In re Fisher*, 649 F.3d 401, 403 (5th Cir. 2011) ("*Fisher II*"). Proximate causation is a "reasonable connection

---

[3] Based on the Government's review, this document was never admitted into evidence at trial.

between the act or omission of the defendant and the damage which the [movant] has suffered. . . . [L]egal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability." *United States* v. *Monzel*, 641 F.3d 528, 535-36 (D.C. Cir. 2011).

Turning to the first part of the inquiry, the offense of conviction, the defendants were convicted of conspiring to violate RICO, with a pattern of racketeering activity consisting of multiple acts of honest services wire fraud, extortion, bribery, and money laundering. (*See* Doc. 22 (Indictment).) Rosenberger, then, must show he was harmed by the defendants' entry into the RICO conspiracy or actions in furtherance of that conspiracy. *See McNulty*, 597 F.3d at 352.

The second part scrutinizes whether Rosenberger was directly and proximately harmed by the defendants' RICO conspiracy. *See id*. at 350 ("The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." (quoting *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009)). He fails on both accounts.

Rosenberger has not established that the defendants' conspiracy was the but-for cause of his harm. Rosenberger's claimed harm is the defendants' "intentional targeting of him," through "a campaign of lies, rumors and misinformation, which eventually resulted in an F.B.I. investigation that ultimately drove Rosenberger from office." (Doc. 267 at PageID 10684.) Start with the first link in the chain of inferences – Rosenberger has not established that the defendants ran a campaign of lies against him. At most, he points to private conversations between two defendants and a relayed comment made to an undercover FBI agent that Rosenberger was corrupt. But even if that were enough to establish a "campaign of lies," Rosenberger does not and cannot establish that the campaign was the essential condition to his resignation, or even an essential condition to the FBI's investigation into Rosenberger. That is required for but-for causation. *See Fisher II*, 649 F.3d at 403.

4

Nor has Rosenberger established that the defendants' conspiracy was the proximate cause of his harm either. Even a proximately caused harm must be "direct" in that it "requires that the harm to the victim be closely related to the conduct inherent to the offense, rather than merely tangentially linked." *McNulty*, 597 F.3d at 352. Expressing disdain for and gossiping about Rosenberger and politically capitalizing on his resignation are not "conduct inherent" to the bribery scheme here. Rosenberger has presented no evidence that the defendants concocted false accusations against him, fed those to the FBI, and the FBI opened an investigation on that basis – nor could he. And even if Rosenberger did succumb to pressure from Householder to resign because of the alleged FBI investigation—and, in his own recitation of the facts, that pressure came from the Governor, Attorney General, and legislative leaders—that does not render Householder's pressure "inherent to the offense." Rosenberger simply does not and cannot allege a true nexus between his resignation and the RICO conspiracy, in part because "there are too many questions left unanswered concerning the link between the Defendant's federal offense and [the petitioner's harm]." *Rendon Galvis*, 564 F.3d at 175 ("even considering" the supposed victim's "factual allegations, there was insufficient evidence of a nexus" between the harm and the conspiracy charged); *see, e.g.*, *United States* v. *Sharp*, 463 F. Supp. 2d 556, 566-67 (E.D.V.A. 2006) (purported victim needed "more direct link" between crime and harm to qualify under CVRA).

The Sixth Circuit in *McNulty* supports this conclusion. In that case, the Government charged a packaged ice company in an information with conspiring to violate antitrust laws, specifically "to suppress and eliminate competition by allocating packaged-ice customers[.]" *McNulty*, 597 F.3d at 346. McNulty was an executive for an ice company that was acquired by the defendant company. *Id*. A co-conspirator told McNulty about the conspiracy and threatened that if McNulty left the company, he would be boycotted from employment in the packaged-ice

5

industry. *Id*. at 346-47. McNulty refused to join the conspiracy and left, becoming a Government informant. *Id*. at 347. True to the threat, he was unable to get employment in the industry, and believed he was "blackballed." *Id*. At sentencing, the district court concluded that McNulty was not a victim under CVRA. *Id*. at 348. McNulty sought a writ of mandamus from the Sixth Circuit, who agreed with the district court's assessment: "To fire an employee and prevent a former employee from being hired by another company may be illegal under the civil law, but they are not inherently criminal actions, nor are they actions inherent in the crime of conspiracy to violate antitrust laws to which [the defendant company] pled. . . . Additionally, that the harm must be 'direct' requires that the harm to the victim be closely related to the conduct inherent to the offense, rather than merely tangentially linked. . . . McNulty's firing and blackballing from the industry, if proved, are ancillary to the actions involved in forming a conspiracy and restraining interstate commerce." *Id*. at 352.[4]

At most, Rosenberger's resignation is tangentially linked to the offense, and that characterization is only possible by making logical leaps and factual assumptions that are unwarranted here. The Court should deny Rosenberger's motion.

        Respectfully submitted,

        KENNETH L. PARKER
        United States Attorney

        /s/*Megan Gaffney Painter*
        EMILY N. GLATFELTER (0075576)
        MATTHEW C. SINGER (IL 6297632)
        MEGAN GAFFNEY PAINTER (NY 4849220)
        Assistant United States Attorneys
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        (513) 684-3711

---

[4] In addition to lacking a nexus between the crime here and the alleged harm, under *McNulty* it is not clear whether the vague type of harm alleged here qualifies as cognizable harm under the statute. The Court need not address this issue, however, because Rosenberger's motion fails for other reasons.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing *Response in Opposition to Former Ohio House Speaker Clifford D. Rosenberger's Motion for Designation as a "Victim" Under the Crime Victims' Rights Act, 18 U.S.C. § 3771* was filed electronically this 7th day of June, 2023, and served upon all counsel of record via the Court's CM/ECF system.

                                              *s/Megan Gaffney Painter*
                                              MEGAN GAFFNEY PAINTER
                                              Assistant United States Attorney