UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-77 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT LARRY** |
| | ) | **HOUSEHOLDER'S OPPOSITION TO** |
| LARRY HOUSEHOLDER, | ) | **NON-PARTY CLIFFORD** |
| | ) | **ROSENBERGER'S MOTION FOR** |
| Defendant. | ) | **DESIGNATION AS A "VICTIM"** |

Defendant Larry Householder submits his opposition to Clifford Rosenberger's motion for designation as a "victim" under the Crime Victims' Rights Act (Doc. 267) ("Mot.").[1] He also joins in full the opposition filed by the government (Doc. 268).

**I.      INTRODUCTION**

Before it commenced its investigation of Householder and the defendants indicted in this case, the government conducted a lengthy and extensive investigation of Rosenberger—the Speaker of the Ohio House of Representatives from 2015-2018—and his associates. That investigation apparently included searches of Rosenberger's home and office that were authorized by search warrants. (*See* Mot. at 2, PageID#10687). During that investigation, Rosenberger abruptly resigned from his office after media reports circulated that he was under investigation. *See, e.g.*, Jessie Balmert & Chrissie Thompson, *Amid FBI probe, Ohio Speaker Cliff Rosenberger resigns immediately*, Cincinnati Enquirer,

https://www.cincinnati.com/story/news/politics/2018/04/12/amid-fbi-probe-ohio-speaker-cliff-rosenberger-resigns-immediately/513112002/ (Apr. 12, 2018). Now, over five years later,

---

[1] The Court ordered the government to file its response to Rosenberger's motion by June 7, 2023. (Min. Order, June 1, 2023). It did not expressly permit Householder to file a response. But because Rosenberger seeks this victim designation to be heard at Householder's sentencing and to seek restitution from Householder as part of the Court's sentence, Householder has standing to oppose Rosenberger's motion.

1

{01883939-1}

Rosenberger claims that the government's investigation of him was a "set up," orchestrated by Householder and Clark. That argument is nonsense and is frivolous.

The jury here did not learn about whether the government investigated[2] or prosecuted Rosenberger, his resignation was mentioned at trial in passing, and there was certainly no evidence presented that Householder or Clark somehow deceived the FBI to wrongfully investigate Rosenberger. The absence of that evidence matters. In deciding whether Rosenberger is a victim, this Court must look only on the facts reflected in the jury's verdict. Those facts preclude any finding that Rosenberger is a victim.

To find that he is a victim, the Court would have to find that the government's investigation of Rosenberger was not warranted, that it was wrongfully prompted by Householder, and that Rosenberger somehow suffered direct harms because of this conduct. Rosenberger has not come close to making that showing. The Court should deny Rosenberger's motion.

## II. BACKGROUND

In 2016, when Householder ran again for the Ohio House of Representatives, Rosenberger was Speaker. But Rosenberger's term was soon coming to an end: he was term-limited, and his term would end after the 2018 elections. (*E.g.*, Tr. 1803) (Lippincott). Before his term ended, however, Rosenberger resigned in April 2018. (Tr. 2839, Doc. 219, PageID#7940) (Greenspan). As a result, the House held a special election for speaker and elected Ryan Smith to serve as speaker for the remainder of 2018. (*Id.* at 2839-40).

---

[2] As support, Rosenberger's motion attaches a Storytellers' slide deck that he identifies as Government Exhibit 742. (Mot. at 10 n.59, PageID#10695). No such exhibit was introduced or admitted at trial. (*See* Doc. 252).

The jury did not learn about why Rosenberger resigned. Public reports—and Rosenberger's motion—concluded that he abruptly resigned while under an FBI investigation. *See, e.g.*, Jessie Balmert & Chrissie Thompson, *Amid FBI probe, Ohio Speaker Cliff Rosenberger resigns immediately*, Cincinnati Enquirer, https://www.cincinnati.com/story/news/politics/2018/04/12/amid-fbi-probe-ohio-speaker-cliff-rosenberger-resigns-immediately/513112002/ (Apr. 12, 2018); (Mot. at 10, PageID#10695). But the jury did not know that. To be sure, Rosenberger repeatedly references a Storytellers'[3] slide deck that he identifies as Government Exhibit 742, but that exhibit was not referred to at trial and was not introduced at trial. (*See* Doc. 252) (list of admitted government exhibits, which does ***not*** include GX 742). At any rate, the Storytellers' slide deck was created long after Rosenberger resigned from office and cannot support Rosenberger's claim that it evidences Householder's alleged plan to oust Rosenberger from office.

More to the point, Rosenberger does not cite any evidence that Householder or Clark "set up" Rosenberger. He claims that the FBI investigation that caused his resignation was "central to Householder's plan to again become House Speaker" (Mot. at 10, PageID#10695), but he does not cite any evidence—because there is none—that Householder, Clark, or anyone else "set [him] up," (*id.* at 15, PageID#10700). And the evidence that he cites about "Householder's plan" consists of a slide deck authored by a polling firm that was not admitted at trial. Rosenberger's motion is without merit.

---

[3] Storytellers is a firm that performed various "political services," including "polling." (Tr. 562, Doc. 197, PageID#5121) (Wetzel).

{01883939-1}

### III. LEGAL STANDARD

The Crime Victims' Rights Act gives "crime victims" a panoply of rights. *See* 18 U.S.C. § 3771(a). The statute defines crime victim to mean "a person directly and proximately harmed as a result of the commission of a Federal offense." *Id.* § 3771(e)(2)(A). "The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." *In re McNulty*, 597 F.3d 344, 350 (6th Cir. 2010) (quotations omitted). In deciding whether a person qualifies as a victim under the statute, the Sixth Circuit has instructed that courts "must (1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons were directly and proximately harmed as a result of the commission of that Federal offense." *Id.* at 351 (cleaned up).

### IV. ARGUMENT

Rosenberger was not proximately harmed by the RICO conspiracy of which Householder was convicted. Under the proximate causation requirement, he must show that but-for the RICO conspiracy he would not have been investigated by the FBI and would not have resigned from office as a result. *See id.*; *In re Fisher*, 640 F.3d 645, 649 (5th Cir. 2011) (finding alleged victim did not demonstrate but-for causation). He has not come close to making that showing. The only evidence that he cites on this point are a March 30, 2018 telephone call between Householder and Clark (GX 913), in which Householder made an offhand comment that if "[w]e destroy Cliff Rosenberger, … we destroy her," (Mot. at 26), and a slide deck that was not admitted at trial.[4] At bottom, Rosenberger has introduced no evidence—whether admitted at trial or not—that

---

[4] Because it was not admitted at trial, it is irrelevant. Under the Sixth Circuit's caselaw, the Court can only "look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant." *McNulty*, 597 F.3d at 351.

4

Householder concocted the criminal allegations against him and that Householder led the charge to force Rosenberger to resign. In fact, Rosenberger blames the "Governor, Attorney General and legislative leaders"—not Householder—in forcing his resignation. (Mot. at 2-3). Put simply, Rosenberger's argument is too speculative and leaves too many questions unanswered concerning the link between the conviction and his alleged harm. These types of speculative arguments do not justify relief under the Crime Victims' Rights Act. *See, e.g.*, *McNulty*, 597 F.3d at 351-52; *Rendon Galvis v. Murillo-Bejerano*, 564 F.3d 170, 175 (2d Cir. 2009) ("there are too many questions left unanswered concerning the link between the Defendant's federal offense and [the petitioner's harm]") (quotations omitted).

Nor has Rosenberger shown that he was directly harmed by the RICO conspiracy. "[T]hat the harm must be 'direct' requires that the harm to the victim be closely related to the conduct inherent to the offense, rather than merely tangentially linked." *McNulty*, 597 F.3d at 352. Like in *McNulty*, the harms Rosenberger has allegedly experienced are entirely "tangential" to the offense here, RICO conspiracy.

Rosenberger has not met his burden. He relies on speculations and wild assumptions. But, in the end, he cannot demonstrate that the harms he allegedly suffered—an FBI investigation and his resignation from office after being pressured by the Governor and other legislative leaders to do so—were directly caused by Householder and the RICO conspiracy. That's fatal to his motion. The Court should deny it.

## V. CONCLUSION

Rosenberger's motion is without merit and is frivolous. The Court should deny it.

5

{01883939-1}

Dated: June 7, 2023                    Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
Mark B. Marein (0008118)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com
       mark@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: rtg@mccarthylebit.com
      nro@mccarthylebit.com

*Counsel for Defendant Larry Householder*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on June 7, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)

{01883939-1}